30558. SMITH *v.* THE STATE.

DECIDED SEPTEMBER 30, 1944. REHEARING DENIED OCTOBER 25, 1944.

*P. Z. Geer, J. A. Drake,* for plaintiff in error.
*R. A. Patterson, solicitor-general, Hooper & Miller,* contra.

BROYLES, C. J. Charlie Smith was tried on an indictment charging murder, and was convicted of involuntary manslaughter in the commission of an unlawful act. A demurrer to the indictment was overruled, and that judgment is assigned as error. A motion for a new trial was denied, and exceptions to that judment were taken.

■ The indictment (formal parts omitted) charged the defendant with the offense of murder, "for that the said Charlie Smith on the 21st day of September in the year nineteen hundred and forty-three, in the county aforesaid, did then and there, unlawfully and with force and arms, feloniously and with malice ·aforethought, wantonly and with reckless disregard for human life, drive and operate an automobile truck on and over the public highway in this State known as North Tennille Avenue, running through the City of Donalsonville, Georgia, and being a part of State Highway Route Number Ninety-One leading from Donalsonville, Georgia,

and to Colquitt, Georgia. And while under the influence of intoxicating liquors and drugs, and while said truck was then and there being operated after dark without lights on said automobile truck, and while so operating said automobile truck over said highway, did approach and overtake an automobile truck, owned by one Eddie Parker, parked on said highway, and one Sammie Archie Parker, a human being in the peace of the State, was then and there standing near the front of the said truck owned by said Eddie Parker, the said Charlie Smith not then and there having said automobile truck operated by him, the said Charlie Smith, under immediate control, as provided by law, so that as a result of said unlawful, wanton, and reckless operation of said automobile truck by the said Charlie Smith, said truck was driven into and onto the automobile truck owned by Eddie Parker, parked on said highway, then and there knocking and driving said parked truck into, onto, and over the said Sammie Archie Parker, then and there killing and murdering said Sammie Archie Parker by then and there inflicting a mortal wound in and upon the person of the said Sammie Archie Parker, then and there causing the death of the said Sammie Archie Parker, contrary to the laws of said State, the good order, peace and dignity thereof."

Several grounds of the general demurrer allege that the allegations of the indictment are insufficient to charge the defendant with the offense of murder, or with any other offense under the laws of Georgia. These grounds are without merit, as are also the other grounds of the general demurrer. A special demurrer alleges that the following words in the indictment, "The said Charlie Smith not then and there having said automobile truck operated by him under immediate control, as provided by law," are too vague, indefinite, and uncertain to put the defendant on notice as to what is meant by the words "under immediate control, as provided by law," and are too vague, uncertain, and indefinite in its terms to be capable of enforcement. Assuming, but not deciding, that the overruling of that special demurrer was technically an error, we hold that under the particular facts of the case the error was harmless and does not require a reversal of the judgment. The indictment charged that the defendant, with malice aforethought, wantonly and with reckless disregard for human life, and while under the influence of intoxicating liquors and

drugs, and while operating an automobile truck on the public highway, after dark without lights, drove the truck into another truck parked on the highway, thereby knocking the parked truck against Sammie Archie Parker, who was standing near the front of the parked truck, and then and there killing said Parker.

The evidence on the trial amply authorized the jury to affirmatively find that all of these charges in the indictment were true. The words in the indictment attacked by the special demurrer were mere surplusage, and under the facts of the case the overruling of the demurrer was not harmful error. "It is well settled that the erroneous overruling of a special demurrer is not harmful error where it affirmatively appears from the evidence in the case that the error did not result in injury to the party interposing the demurrer, and 'in determining whether the error has resulted in injury, the court may look to the record as a whole.' *Hall* v. *State*, 8 *Ga. App.* 747 (3), 750-752 (70 S. E. 211)." *Coffee County* v. *Denton*, 64 *Ga. App.* 368, 372 (13 S. E. 2d, 209) ; *Cargile* v. *State*, 67 *Ga. App.* 610, 617 (21 S. E. 2d, 326). The other special demurrers are without merit.

■ The evidence amply authorized, if it did not demand, the verdict; and the special grounds of the motion for new trial (complaining of certain excerpts from the charge of the court, the refusal to give to the jury certain requested charges, and the failure to charge, without request, certain principles of law) show no cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur*