32277.   KITCHENS *v.* THE STATE.

DECIDED MARCH 18, 1949.

*Stevens & Stevens,* for plaintiff in error.

*Casey Thigpen,* as amicus curiæ.

*J. Cecil Davis, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Section 26-6101 of the Code provides as follows: "Any person who shall be guilty of open lewdness or any notorious act of public indecency tending to debauch the morals shall be guilty of a misdemeanor." The reading of the Code section discloses that it may be violated in either one of two ways: first, by the commission of open lewdness; or second, by the commission of any notorious act of public indecency tending to debauch the morals. The present indictment charges the latter method, by which the offense may be committed, substantially in the language of the Code. Section 27-701 of the Code provides in part as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the Code, or so plainly that the nature of the offense charged may be easily understood by the jury." It is insisted by counsel for the defendant that the act itself, charged in the indictment to be a notorious one of public indecency tending to debauch the morals, is not, as a matter of law, such an act, and that, therefore, the indictment is void for failure to charge a criminal act. In *Redd* v. *State,* 7 *Ga. App.* 575 (67 S. E. 709) in headnotes 1 to 5 inclusive, it is held as follows: "1. In the expression 'any notorious act of public indecency, tending to debauch the morals,' as used in Penal Code of 1895, § 390, the word 'indecency' has a somewhat narrower meaning than it has in ordinary popular speech; yet it is broader in meaning than the phrase 'exposure of the person.' A criminal public indecency may be committed without any improper exposure of the human body. 2. What is decent and what is indecent are determined by the sensibilities and moral standards of a people, as evolved from generation to generation along with their civilization. What is decent in one period may be indecent in another, and vice versa. 3. Whether an act is decent or indecent depends upon the time, the place, and all the circumstances surrounding its commission, including the intention, actual or implied, of the actor. 4. When, by general con-

sensus of the people and practical unanimity of public opinion, an act tending to debauch the morals is understood to be offensive to the common instincts of decency if done under particular circumstances, that act when so done is, in contemplation of law, a notorious act of indecency. 5. The barrier which has been erected by social decorum between persons of different sexes, and which prevents the one from intentionally and unnecessarily intruding upon the attention of the other the sexual act and all other things directly suggestive of it, is a fundamental of decency, well recognized and understood by the people of this State at the present time. A public and intentional or wanton violation of the dictates of decency in this respect is an act of public indecency, within the purview of section 390 of the Penal Code of 1895."

(b) The act charged in the indictment here, is, by general consensus of the people and practical unanimity of public opinion, an act tending to debauch the morals, and is understood to be offensive to the common instincts of decency. It is, therefore, a notorious act of indecency, and the indictment charging it, alleges a violation of Code, § 26-6101.

■ Special ground 1 of the amended motion for a new trial contends that the trial court erred in charging the jury as follows: "The State is asking for a conviction on the first count (referring to the indictment.)" The excerpt complained of was in connection with a part of the charge, as follows: "The grand jury of this county has returned a bill of indictment against Ebb Kitchens and Roy Scarborough and Ralph Perdue, charging them with a misdemeanor, public indecency, and the charge against them is in two counts of this indictment, but the second count of the indictment, beginning, 'And the jurors aforesaid in the name and behalf of the citizens of Georgia,' has been abandoned by the State, and you would not be authorized to consider this second count in the indictment for the State is asking for a conviction only on the first count thereof." The excerpt complained of is contended to be error because it is insisted that the State merely asks for a consideration of an indictment, and for the trial court to charge the jury that the State asked for a conviction gives too much weight to the prosecution; that such a charge goes fur-

ther than the contention of the State, and is prejudicial to the defendant. The latter excerpt, quoted from the charge which includes the former one, shows that the trial judge was charging favorably to the defendant by narrowing their consideration to only the first count. He was giving the contentions of the State which were in substance that the second count in the indictment had been abandoned and that the State was asking for a conviction only on the first count. This is not error. The State does ask for a conviction through its proper officer, the prosecuting attorney, in cases such as this, at the stage of a prosecution where all the evidence is in, the case has been argued, and the judge is charging the jury. The State is a party to the case the same as the defendant. The contentions of these two parties make up the issues for the jury to try, the State contending that the evidence authorizes a verdict of guilty and the defendant contending that it does not. Since the State contends in such cases, and was contending in the instant case, that the defendant was guilty, the State is empowered to ask for a conviction through its solicitor-general. It has been held several times by the Supreme Court that it is not error for the trial judge to charge the jury in substance that the State contends that the defendant is guilty of the crime of which he is charged. See *Pritchett* v. *State*, 92 *Ga.* 65 (7) (18 S. E. 536); *Hawkins* v. *State*, 141 *Ga.* 212 (6) (80 S. E. 711). Since it is proper for the trial court to charge in effect that the State contends that the defendant is guilty, it follows that it is also not error to charge, in cases where the State so contends, that the State is asking for a conviction.

■ Special ground 2 contends that the trial court erred in charging the jury as follows: "If you believe from the evidence in the case that the conduct of the defendant with the woman, provided you believe she was nude, was such a notorious act of public indecency as tended to debauch the morals of people, why in that event—and believe that beyond a reasonable doubt—then I charge you that you would be authorized to convict him of the offense with which he is charged in the case."

In *Redd* v. *State*, supra (p. 579), it is held as follows: "After careful reflection upon the matter, we have reached the conclusion that our statute, based as it is upon the common law, is

broad enough to cover all notorious public and indecent conduct, tending to debauch the public morals, even though it be unattended by any exposure of the human body. If this is not so, then our law, broadly as it has been drawn, is not adequate to protect the public in this State from many acts shockingly obscene and tending to lower the moral standards." It follows that it is not a question of whether or not the nude woman's privates were exposed to passers-by, or whether or not her privates were observed by them. Our statute is sufficiently broad to render a man who is only partially dressed, and who spends several hours with a nude woman at a public place, guilty of the commission of a notorious act of public indecency tending to debauch the morals. The charge complained of was authorized by the evidence, and this ground of the amended motion for a new trial is without merit.

■ Construing the evidence in its light most favorable to support the verdict and recognizing the right of the jury to believe the defendant's statement in part and reject it in part, or believe it as a whole or reject it as a whole, the jury trying the case was authorized to find that the defendant spent from approximately 3:30 in the afternoon until approximately 6 o'clock the same day in a creek, at a place that was public, with a nude woman, and the defendant was dressed only in his shorts and undershirt. As hereinbefore pointed out, this conduct constitutes a violation of § 26-6101 of the Code. The evidence supported the verdict.

The judgments of the trial court overruling the motion to quash the bill of indictment and the motion for a new trial as amended are without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*