## 32635.   CURTIS *v.* THE STATE.

DECIDED OCTOBER 11, 1949. REHEARING DENIED OCTOBER 27, 1949.

*Charles W. Anderson, J. Milam Morris Jr.,* for plaintiff in error.
*Paul Webb, Solicitor-General, William Hall,* contra.

TOWNSEND, J.    (After stating the foregoing facts.) ■ ■
The reference to Code § 26-3918 (contained in count 1 of the indictment) indicates that the State was relying upon this Code section as the basis for the crime attempted to be charged in the first count.   No violation of this Code section, however, is alleged in the first count of the indictment.

The section provides as follows: "26-3918. (249 P. C.) *Obtaining goods, etc., on false writings.* Any person who shall designedly, by color of any counterfeit letter or writing, made in any other person's name, or fictitious name, obtain from any person money or other valuable thing, with intent to defraud any person, mercantile house, body corporate, or company of the same, shall be punished by imprisonment and labor in the penitentiary for not less than two nor more than seven years."

The first count of the indictment charges an attempt to ob-

tain the sum of $39.50 from Rich's Inc. with the intent to defraud, but does not charge that anything of value was actually obtained.

In *Saffold* v. *State*, 11 *Ga. App.* 329, 333 (75 S. E. 338), it was held: "Section 249 is intended to cover any case of obtaining goods or money on a false writing. . . An essential element in the offense penalized by section 249 is the obtaining of goods or money, or both; one may violate section 247 without obtaining anything of value."

■ However, the mere fact that the word "felony" in count 1 of the indictment is followed by the words "Sec. 26-3918" contained in parenthesis immediately thereafter, and apparently signifying that the State considered this count to have been drawn under the designated Code section, would not in fact void the indictment if, as drawn, it does charge an offense under some other Code section. It is the description of the crime, rather than the description and number of the section under which it appears in the Code which furnishes the criterion for determining whether the indictment is good. See *Perkins* v. *State*, 29 *Ga. App.* 278 (2) (115 S. E. 27), where it was held that "even though the solicitor-general, upon the hearing of the demurrer, may have stated to the court that 'said indictment was drawn under section 240 of the Penal Code, and was not drawn under section 231,' this is no ground for quashing the indictment if in fact it is no good indictment under section 231 of the Penal Code of 1910. . . It is not what the prosecuting attorney says about it, but it is the description of the crime given in the indictment, the criminal acts alleged therein to have been committed, that characterizes the offense."

■ Code § 26-3910 provides as follows: "Any person who shall falsely and fraudulently pass, pay or tender in payment, utter or publish any false, forged, counterfeit, or altered note, bill, check, or draft as aforesaid, knowing the same to have been falsely and fraudulently forged, counterfeited, or altered, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor more than 10 years."

The verb "utter," as applied to negotiable instruments, is defined in Black's Law Dictionary as follows: "To utter and publish an instrument, as a counterfeit note, is to declare or assert,

directly or indirectly, by words or actions, that it is good; uttering it is a declaration that it is good, with an intention or offer to pass it." This is the common legal meaning of the word. In *Walker* v. *State*, 127 *Ga.* 48 (56 S. E. 113), it was said: "Mr. Bishop in his work on Criminal Law (8th ed.) vol. 2 § 605, says: 'Since the offense of uttering is an attempt, it is complete when the forged instrument is offered; an acceptance of it is unnecessary. . . To complete the offense, there must be a representation of genuineness, but ordinarily this is implied in the act of uttering.' "

The first ground of the defendant's demurrer is therefore without merit, since the offense of uttering is sufficiently charged, and the second ground is without merit because the instrument is described in the indictment to be a check, which is an instrument covered under this Code section.

As to ground three, the indictment alleges that the check was made in the "fictitious name of R. M. Baskiner" and further that the check was a "counterfeit check," the latter phrase being in the exact words of the Code, and being therefore sufficient as to the denomination of the offense.

In *Sessions* v. *State*, 3 *Ga. App.* 13, 16 (59 S. E. 196), the court held: "If the person purporting to make a counterfeit letter or writing was fictitious, there could never be a genuine original. The word counterfeit, as used in section 247 [and also as used in Code § 26-3910] evidently refers not only to an imitation of a genuine original, but to any paper which purports to be a genuine original, whether made in a real person's name or in a fictitious name."

Count 1 of the indictment was therefore sufficient to charge an offense against the laws of this State, as the same charges a violation of Code § 26-3910.

■ Code § 26-3911 provides that "any person who shall have in his possession any such false, forged, counterfeit, or altered note, bill, draft or check, with intention fraudulently to pass the same, shall be punished by imprisonment," etc. Construing this section in pari materia with Code § 26-3907, as is required (see *Glover* v. *Dorsey*, 27 *Ga. App.* 105 (1), supra), the indictment sufficiently charges a violation of this section (see *Green* v. *Russell*, 176 *Ga.* 354, supra, particularly the specially con-

curring opinion of Mr. Justice Gilbert at page 360) since it alleges that the check in question was drawn upon a bank of this State, and since it is otherwise substantially drawn in the words of Code § 26-3911, the violation of which is sought to be alleged therein. See *Kitchens* v. *State,* 78 *Ga. App.* 795 (52 S. E. 2d, 564).

Neither of the counts of the indictment is subject to the general demurrer, and the trial court did not err in overruling it.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*