## 70384. KING v. THE STATE.
### (335 SE2d 439)

POPE, Judge.

Defendant Frank Melvin King brings this appeal from his conviction of driving under the influence of alcohol. Defendant was tried and convicted in the Probate Court of Upson County. His conviction was affirmed on certiorari to the Superior Court of Upson County and we granted his petition for discretionary review. *Held*:

1. Defendant first enumerates as error the probate court's refusal to allow defense counsel to make a tape recording of the proceedings "as a work product for personal use in a possible retrial or appeal of the case." The judge of the probate court explained that he told defense counsel "that court reporters from Macon were available to come and officially record the proceedings . . . [and] that if [defense counsel] wanted a court reporter to come and record the proceedings, he had no objection; however, [defense counsel] declined to retain the services of a court reporter." We view this ruling as erroneous.

The law in this state permits a transcript of evidence to be prepared from recollection in narrative form. OCGA § 5-6-41 (g). A party does not have to show he is indigent and unable to afford a court reporter to take advantage of this procedure; the statute makes no such limitation. Thus, a party has a right to choose not to go to the expense of hiring a court reporter. That would have been not an insubstantial expense in this case, as the reporter would have had to come to Thomaston in Upson County from Macon in Bibb County. Travel expenses would be added to reporting expenses, and the billable time of defense counsel would have been incurred while awaiting the reporter after the court stated that one could come from Macon. Defendant through counsel had made a reasonable request by written motion at the outset of trial to personally tape record the proceedings to aid counsel in the event of a retrial or appeal. Considering that defendant had a right to proceed on appeal on a narrative, he was precluded from effectively exercising that right by the probate court's denial. Compare *Rutledge v. State*, 245 Ga. 768 (4) (267 SE2d 199) (1980).

A trial court may not arbitrarily deny counsel the right to use a recording device. *Davey v. City of Atlanta*, 130 Ga. App. 687 (1) (204 SE2d 322) (1974). The probate court departed from that mandate, as reinforced in *Bennett v. Adel Banking Co.*, 144 Ga. App. 282 (3) (241 SE2d 23) (1977), in its decision in this case. Obviously it would be cheaper for a party, especially a defendant in a misdemeanor case, to proceed on appeal via narrative rather than via a transcript prepared by an official court reporter who would have to be engaged before the party knew whether he wanted to appeal, and would have to be paid at least for attendance and recordation if not for transcription in the

event no appeal was taken. The courts should encourage practices that reduce costs, not unnecessarily require their incurrence.

Defendant does not show harm, however. The lack of a tape recording to aid the memory in preparation of a narrative did not affect the enumerations raised on appeal. The claim that a tape-recording based narrative would have allowed defendant to raise evidentiary issues is merely conclusory, as defendant points to no evidentiary issues which he cannot raise or could not have made note of at the time the evidence was admitted or rejected over objection. Finally, he says it would have aided in preparation of the appeal, but he does not say how, and this conclusion, too, leads inexorably to the conclusion that the error was harmless in the circumstances of this case. See *Estep v. State*, 129 Ga. App. 909 (3) (201 SE2d 809) (1973). This enumeration presents no ground for reversal.

2. Defendant's remaining enumeration assigns error to the probate court's denial of his timely, written motion to quash (or special demurrer to) the uniform traffic citation upon which he was brought to trial. In support of this motion defendant argued that the citation was defective because the jurat portion of the arresting officer's certification had not been completed. Indeed, the probate court found as a matter of fact that the jurat had not been completed as of the date of trial, but nonetheless tried and convicted defendant upon this citation.

OCGA § 17-7-71 (b) provides that in cases such as the one at bar "the defendant may be tried upon the uniform traffic citation and complaint provided for in Article 1 of Chapter 13 of Title 40." OCGA § 40-13-1 provides: "The commissioner of public safety shall develop a uniform traffic citation and complaint form for use by all law enforcement officers who are empowered to enforce the traffic laws and ordinances in effect in this state. Such form shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged, and as the record of the disposition of the matter by the court before which the accused is brought, and shall contain such other matter as the commissioner shall provide." "The oath and attestation upon the uniform traffic citation issued to [defendant] at his arrest is apparently an 'affidavit,' developed by the Commissioner of Public Safety for the prosecution of traffic offense cases. . . ." *Evans v. State*, 168 Ga. App. 716, 717 (310 SE2d 3) (1983). See Rule 570-19-.01, Rules of Department of Public Safety. Since 1980 an accusation "need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant." Ga. L. 1980, pp. 452, 453 (now OCGA § 17-7-71 (a)); see *Evans v. State*, supra. How-

ever, it is clear that OCGA § 40-13-1 affords the commissioner of public safety considerable discretion as to the contents of the uniform traffic citation. Therefore, his decision to include a jurat attesting the arresting officer's certification, although not specifically mandated by statute and no longer necessary to support an accusation, cannot be said to be without statutory authority. Compare *Rielli v. State*, 174 Ga. App. 220 (3) (329 SE2d 910) (1985).

An accused is entitled to an indictment or accusation perfect in form as well as substance if he timely raises the question in writing on special demurrer. See *State v. Shepherd Constr. Co.*, 248 Ga. 1 (Ib) (281 SE2d 151) (1981); *Perkins v. State*, 151 Ga. App. 199 (7) (259 SE2d 193) (1979), overruled on other grounds, *Chance v. State*, 154 Ga. App. 543 (2) (268 SE2d 737) (1980). Since the citation issued to defendant served as the "accusation or other instrument of prosecution" in this case but had not been properly completed for want of attestation,[1] and defendant timely demurred thereto, the probate court erred in denying defendant's motion to quash. Cf. *Dixon v. State*, 155 Ga. App. 17 (270 SE2d 192) (1980); *Guess v. State*, 155 Ga. App. 14 (270 SE2d 255) (1980).

Having concluded that the probate court erred in the overruling of the special demurrer, this court on appeal must apply a "harmless error test" in order to determine if the error has prejudiced defendant and thus requires reversal of his conviction. See *State v. Eubanks*, 239 Ga. 483, 489 (238 SE2d 38) (1977). "[W]hen trial has been had before the appellate court reviews the merits of the special demurrer, where no prejudice to defendant has occurred though the indictment [or accusation or citation] is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice." Id. "The true test of the sufficiency of an indictment [or accusation or citation] is not whether it could have been made more definite and certain [or, for that matter, perfect,] but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. Upon a proceeding after verdict[,] no prejudice being shown, it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the indictment [or accusation or citation]. Thus, a defendant who was not misled to his prejudice by

---

[1] We note in passing that a uniform traffic citation is not required to be sworn to before a judicial officer; an oath administered by a notary public is sufficient. 1985 Op. Atty. Gen. 85-5; see *Shuler v. State*, 125 Ga. 778 (1) (54 SE 689) (1906).

any imperfection in the indictment [or accusation or citation] cannot obtain reversal of his conviction on that ground." (Citations and punctuation omitted.) *Chappell v. State*, 164 Ga. App. 77 (1) (296 SE2d 629) (1982). Defendant alleges no prejudice to himself and we can discern none. Any error in failing to try him upon a "perfect" uniform traffic citation was, thus, manifestly harmless.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 10, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 — 

*Virgil L. Brown, Tamara Jacobs*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys*, for appellee.