## 73897. MILLER v. THE STATE.
### (356 SE2d 900)

POPE, Judge.

Dennis E. Miller, Sr., brings this appeal from his convictions of driving under the influence of alcohol, improper lane change, and speeding. His two enumerations of error challenge the trial court's refusal to quash the three uniform traffic citations by which he was brought to trial. *Held*:

On the basis of the record before us on appeal, we are unable to

determine whether defendant's oral motion to quash made on the morning of trial was sufficient under the circumstances of this case to preserve these issues for appellate review. See generally OCGA § 17-7-111; *Sosebee v. State*, 169 Ga. App. 370 (5) (312 SE2d 853) (1983); *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358) (1983). Assuming arguendo that the motion was procedurally adequate, we turn to the merits.

"When trial has been had before the appellate court reviews the merits of the special demurrer, where no prejudice to defendant has occurred though the indictment or accusation or citation is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice. The true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. Upon a proceeding after verdict, no prejudice being shown, it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the indictment or accusation or citation. Thus, a defendant who was not misled to his prejudice by any imperfection in the indictment or accusation or citation cannot obtain reversal of his conviction on that ground." (Citations and punctuation omitted.) *King v. State*, 176 Ga. App. 137, 139-40 (335 SE2d 439) (1985), overruled on other grounds, *Copeland v. White*, 178 Ga. App. 644 (344 SE2d 436) (1986). See *State v. Eubanks*, 239 Ga. 483 (238 SE2d 38) (1977); *Smith v. State,* 71 Ga. App. 647 (1) (31 SE2d 737) (1944).

The cited imperfections in this case include incomplete jurats, a change in the time the citations were issued (the arresting officer testified that he had made the changes prior to delivery of the citations to defendant when he remembered the change from standard time to daylight savings time), a misstatement of the code section making DUI a crime (OCGA § 40-6-392 instead of § 40-6-391), and under "remarks" on the citation for speeding the entry "S. on Ga. 21" when defendant was in fact driving north on Georgia Highway 21 (this entry could simply have been descriptive of the scene of the crime — south Rincon as opposed to north Rincon). None of these alleged imperfections amount to anything more than minor and technical deficiencies to which defendant has failed to show that he was unable to adequately prepare his defense or that he was otherwise prejudiced thereby. See, e.g., *King*, supra; *McKinney v. State*, 155 Ga. App. 930

(6) (273 SE2d 888) (1980); *Curtis v. State*, 80 Ga. App. 244 (1b) (55 SE2d 758) (1949). Accordingly, any error in this regard was harmless and defendant's convictions stand affirmed.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 22, 1987.

*R. Wade Gastin*, for appellant.
*Horace L. Cheek, Jr., Solicitor*, for appellee.