A90A0674. BROSKI v. THE STATE.
(395 SE2d 317)

SOGNIER, Judge.

Joseph Broski was convicted of driving under the influence of alcohol, driving with an unlawful blood alcohol level, and failure to maintain lane, and he appeals.

1. Appellant contends the trial court erred by denying his motion to quash count 1 of the accusation, driving under the influence of alcohol, because it failed to set forth an offense against the laws of the state. Count 1 of the accusation charged appellant with driving under the influence of alcohol by being in actual physical control of a moving vehicle while under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1). That statute provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of alcohol *to the extent that it is less safe for the person to drive.*" (Emphasis supplied.) Although the accusation expressly referenced OCGA § 40-6-391 (a) (1), appellant contends that the failure to recite the above emphasized language in the accusation itself constitutes a fatal defect in the accusation. We do not agree.

OCGA § 17-7-71 (c) provides that "[e]very accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct." This statute is analogous to OCGA § 17-7-54 for indictments. While it is not necessary to specify the Code section under which an indictment or

accusation is drawn, see *Turner v. State*, 233 Ga. 538 (212 SE2d 370) (1975), and an indictment or accusation is not defective if, while describing the proper elements of the crime, the incorrect statute is referenced, see *Curtis v. State*, 80 Ga. App. 244, 246 (1) (b) (55 SE2d 758) (1949), neither appellant nor the State has cited this court to any opinion of the appellate courts of Georgia indicating an indictment or accusation is improper if it recites the proper statute but does not detail all the elements thereto.

"An indictment [or accusation] is required to set forth the elements of the offense sought to be charged. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offen[s]e, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. As long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as protect against another prosecution for the same offense, the indictment is sufficient. Thus, if a defendant is not misled to his prejudice by any imperfection in an indictment an appellate court will not reverse." (Punctuation and citations omitted.) *Williams v. State*, 165 Ga. App. 69, 71 (4) (299 SE2d 402) (1983).

Upon review of numerous authorities concerning the sufficiency of an indictment or accusation, we conclude that reciting the proper statute is a sufficient, though not desirable, method of fulfilling the requirement here of OCGA § 17-7-71 (c). In *Toland v. State*, 115 Ga. App. 786, 787 (156 SE2d 215) (1967), we found no error in the overruling of appellant's demurrer, which was based on his argument that the indictment was defective because the offense charged was not described in the language of the specific law violated and citation to the charged offense was by reference to the Georgia Code Annotated instead of the Acts under which the offense was created. In *State v. Black*, 149 Ga. App. 389 (254 SE2d 506) (1979), an indictment for vehicular homicide referenced the statute and contained descriptive language of the charge, but it could not be determined which of the two types of vehicular homicide contained in the statute was the charged offense. This court noted, "[t]he giving of the Code section is *not* sufficient *if* the indictment merely charges vehicle homicide and does not set forth that it is of the first degree or second degree, and in reading the allegations we are unable to determine [which degree was charged.]" (Emphasis supplied.) Id. at 391 (4). From this it can be concluded that including the statute in the indictment *would have been* sufficient had the proper subsection of the statute been in-

cluded. Finally, in *Wages v. State*, 165 Ga. App. 587, 588-589 (2) (302 SE2d 112) (1983), we noted that an indictment (which set forth that appellant had unlawfully appropriated certain property with the intention of depriving the victim of the property in violation of appellant's duties as an employee of a certain government office, "in violation of" two Code sections) which was "substantially in the language of the pertinent Code sections, is not confusing as it sets forth the elements of the offense of theft and the provisions applicable to government employees who breach their duties by committing theft, and otherwise meets the standards" required of indictments under OCGA § 17-7-54.

Appellant cites this court to *King v. State*, 176 Ga. App. 137 (335 SE2d 439) (1985), for the proposition that "[a]n accused is entitled to an indictment or accusation perfect in form as well as substance if he timely raises the question in writing on special demurrer. [Cits.]" Id. at 139. We find *King* distinguishable from the case sub judice in that while appellant's motion was timely, written, and specifically reached the point objected to, the absence of the "less safe driver" language was remedied by citation to the statute, and therefore no defect, technical or otherwise, was present in the accusation. Furthermore, even if the absence of the "less safe driver" language did render the indictment not perfect, "this court on appeal must apply a 'harmless error test' in order to determine if the error has prejudiced defendant and thus requires reversal of his conviction. [Cit.] '(W)hen trial has been had before the appellate court reviews the merits of the special demurrer, where no prejudice to defendant has occurred though the indictment (or accusation or citation) is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice.' [Cit.] . . . 'Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. Upon a proceeding after verdict(,) no prejudice being shown, it is enough that necessary facts appear *in any form, or by fair construction can be found within the terms of the indictment (or accusation or citation)*. Thus, a defendant who was not misled to his prejudice by any imperfection in the indictment (or accusation or citation) cannot obtain reversal of his conviction on that ground.' . . . [Cit.] Defendant alleges no prejudice to himself and we can discern none. Any error in failing to try him upon a 'perfect' uniform traffic citation was, thus, manifestly harmless." (Emphasis supplied.) *King*, supra at 139-140.

2. Appellant contends the trial court erred by admitting the results of his breath test because the State failed to show that the test was performed according to methods approved by the Division of Forensic Sciences (DFS) pursuant to OCGA § 40-6-392 (a) (1). The technician who administered the test testified to the results over ap-

pellant's foundation objection. The evidence adduced at trial reveals that the technician who administered the breath test was trained at the police academy to operate the Intox 3000 intoximeter machine; she received a certificate showing she had completed the training which covered the date in question; the permit was displayed above the intoximeter machine; the machine was approved by the DFS; the steps taken in administering the test were detailed; and the technician testified to the proper operation of the intoximeter machine. Thus, the State laid a foundation showing that the requirements of OCGA § 40-6-392 (a) (1) were met to make the test valid. See *Riley v. State*, 175 Ga. App. 810, 811 (1) (334 SE2d 863) (1985).

On appeal to this court appellant also contends the test results were inadmissible because the intoximeter machine had been modified so that the testing was not conducted according to methods approved by the DFS. The transcript reveals, however, that the objections raised below by appellant to the test printout (including two regulations of the Department of Public Safety, one of which is nonexistent and the other repealed almost two years before appellant's August 1989 trial) did not include the argument now asserted on appeal. "It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal." (Citations and punctuation omitted.) *Iglesias v. State*, 191 Ga. App. 403, 404 (381 SE2d 604) (1989).

3. Appellant asserts error in the trial court's failure to give appellant's requested charge on circumstantial evidence. It is not error to fail to charge on circumstantial evidence where there is some direct evidence involved in the case. *Herndon v. State*, 187 Ga. App. 313 (370 SE2d 164) (1988). Contrary to appellant's argument, his own testimony constituted direct evidence that he was driving his automobile on a public highway when he was involved in an accident with a truck, and direct evidence was adduced as to the amount of alcohol in his blood when he was tested shortly after the accident. Hence, appellant's enumeration of error is without merit. Id.

4. Although appellant's expert cast doubt on the accuracy of the test results of the Intoximeter 3000, testimony by the technician who performed the test and the State's rebuttal expert was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that appellant was operating a motor vehicle with an unlawful blood alcohol level in violation of OCGA § 40-6-391 (a) (4), in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., concurs. Carley, C. J., concurs in Divisions 1, 3, and 4, and in the judgment.*

Decided June 6, 1990 —
Rehearing denied June 25, 1990 — Cert. applied for.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Andrew R. Fernandez, Cliff Howard, Assistant Solicitors*, for appellee.