## A00A0949. FRANKLIN v. THE STATE.
### (533 SE2d 455)

ELDRIDGE, Judge.

A jury in Hall County found Rickie J. Franklin guilty of unlawfully appropriating Ray York's timber. In his sole enumeration of error, Franklin contends that the trial court erred in denying his special demurrer to the felony theft by taking indictment returned against him, since an averment in the indictment was allegedly "legally and practically impossible." We have examined the indictment in light of Franklin's contention, and we affirm his conviction.

A person commits the offense of felony theft by taking when he "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property [worth more than $500] of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2.

The indictment returned against Franklin alleged that he "did unlawfully being in lawful possession of timber, the property of Ray A. York, with a value greater than $500, appropriate said property with the intention of depriving said owner of said property."

The crux of Franklin's argument is that the averment in the indictment, "unlawfully being in lawful possession," is a legal and factual impossibility and, therefore, any presentation of facts at trial must vary fatally from the averment in the indictment.

We agree that the indictment was inartfully drawn. But what is under discussion here is a misplaced modifier in an otherwise technically correct indictment drawn in the language of the theft by taking statute.[1]

> When trial has been had before the appellate court reviews the merits of the special demurrer, where no prejudice to defendant has occurred though the indictment or accusation or citation is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice. The true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. *Upon a proceeding after verdict, no prejudice being shown, it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the indictment* or accusation or citation. Thus, a defendant who was not misled to his prejudice by any imperfection in the indictment or accusation or citation cannot obtain reversal of his conviction on that ground.

(Citations and punctuation omitted; emphasis supplied.) *Miller v. State*, 182 Ga. App. 700, 701 (356 SE2d 900) (1987).[2]

Other than directing our attention to the poorly drafted language in the indictment, Franklin has not alleged that he was prejudiced thereby. He has not alleged that he was confused or misled by the indictment. He has not alleged that the jury was confused by the

---

[1] "Unlawfully" is an adverb which modifies "appropriate." "Unlawfully" is — sadly — separated from its verb by three adjectival phrases, one describing Franklin (being in lawful possession of timber) and two describing the timber (the property of York, with a value greater than $500).

[2] *Shelton v. State*, 216 Ga. App. 634 (455 SE2d 304) (1995); *Lewis v. State*, 215 Ga. App. 486, 487-488 (451 SE2d 116) (1994). See *State v. Eubanks*, 239 Ga. 483 (238 SE2d 38) (1977).

indictment, nor does the record show such. He has not alleged that the indictment failed to apprise him of the offense he had to defend against or that the language of the indictment leaves him open to future prosecutions for the same offense. In sum, Franklin seeks reversal simply because of the misplaced modifier. That we will not do in the absence of any prejudice derived therefrom. The indictment contained the statutory elements of the offense. Fairly constructed, it apprised Franklin of the charges against him and serves to preclude a future prosecution for unlawfully appropriating York's timber between July and December 1996. The trial court did not err in denying Franklin's special demurrer to the indictment.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 11, 2000 — ▮▮▮▮▮▮▮▮

*Charles B. Brown,* for appellant.

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney,* for appellee.