## A03A1494. BUCHANAN v. THE STATE.
(589 SE2d 876)

JOHNSON, Presiding Judge.

A judge, sitting without a jury, found Ryan Buchanan guilty of driving under the influence of a drug to the extent it was less safe for him to drive, driving under the influence of amphetamines, and failing to maintain a lane. He appeals from the convictions, claiming the trial court erred in not suppressing the results of chemical tests of his blood when the arresting officer improperly told him that he was required to consent to a test of his blood based on the seriousness of injuries resulting from the accident. Buchanan also contends the trial court erred in denying his motion to quash Count 1 of the accusation because it failed to specify a particular drug. Based on a recent ruling of the Supreme Court of Georgia, Buchanan is correct that the officer could not require his submission to a blood test based on the severity of injuries. Therefore, we must reverse the DUI convictions and remand the case for a new trial on those charges. We affirm the denial of Buchanan's motion to quash Count 1 of the accusation, as well as his conviction for failure to maintain a lane.

Construing the evidence most favorably to uphold the findings and judgment of the trial court,[1] the evidence shows that a police officer responded to a report of a single-car accident and arrived to find a pickup truck fully engulfed in flames, resting in a culvert. When the officer arrived, Buchanan, who had been driving the truck, was standing near an ambulance, being attended to by paramedics. Buchanan had been seen weaving, changing speeds erratically, and running a red light just before his truck veered off the road into the culvert. The parties stipulated to these facts at trial.

The officer noticed that Buchanan was incoherent, had red, bloodshot eyes and slurred speech, and was unsteady on his feet. The officer believed that Buchanan's behavior resulted either from his injuries or from his being under the influence of drugs or alcohol. The officer testified that he would have arrested Buchanan for driving under the influence of drugs or alcohol had Buchanan not been injured. Buchanan admitted that he suffered a head injury in the

[1] *Spear v. State*, 259 Ga. App. 803, 805 (4) (578 SE2d 504) (2003).

accident. Because there was a possibility that Buchanan was injured, the officer did not place him under arrest at that time.

Based on several factors, including the fact that Buchanan was seen driving erratically, was behaving as if he was impaired, and had an accident resulting in serious injuries, the officer read Buchanan the implied consent notice as he lay in the ambulance. The notice, applicable to suspects under the age of 21, stated that Buchanan was required to submit to testing of his blood, that if he refused the testing, his license would be suspended and his refusal could be used against him at trial, and that he was entitled to additional independent testing. The officer then asked Buchanan if he would submit to the test. Buchanan was incoherent, and the officer "explained to him due to the fact that he had been in an accident where I thought there might be serious injuries involved, I needed to draw blood." Buchanan said he would consent to the blood test, though he testified that the officer told him that he "had to take it anyway" given the seriousness of the accident. Buchanan did not believe he had a choice.

1. Buchanan contends the trial court should have granted his motions to suppress and in limine because the police officer gave him a misleading or inaccurate implied consent notice. According to Buchanan, he was told at the accident scene that he was required to submit to chemical testing because the accident involved a serious injury, but there was no evidence at trial of any serious injury.

This is one of those rare cases in which the substantive law changed after the date the appellate briefs were filed and before the date the opinion is issued. At the time of the arrest and trial of this case, the implied consent statute, OCGA § 40-5-55 (a), provided that a person who drives a vehicle in Georgia is deemed to have given consent to a chemical test of his blood for the purpose of determining the presence of alcohol or any other drug, if (1) arrested for any offense arising out of acts alleged to have been committed in violation of OCGA § 40-6-391,[2] or if (2) such person is involved in any traffic accident resulting in serious injuries or fatalities.

On October 6, 2003, the Supreme Court held in *Cooper v. State*[3] that OCGA § 40-5-55 (a) is unconstitutional to the extent it requires chemical testing of the driver of a vehicle involved in a traffic accident resulting in serious injuries or death regardless of any determination of probable cause. The Supreme Court reasoned that the provision violates the Fourth and Fourteenth Amendments of the Constitution of the United States because it authorizes a search and

---

[2] OCGA § 40-6-391, among other things, makes it illegal to drive while under the influence of alcohol or drugs.

[3] 277 Ga. 282 (587 SE2d 605) (2003).

seizure without probable cause.[4] Thus, where testing is conducted based upon the seriousness of injuries in an accident, rather than upon probable cause that the person has violated OCGA § 40-6-391, the results are inadmissible.[5]

In this case, the police officer testified that, based on Buchanan's behavior, he concluded that Buchanan was either injured or under the influence of alcohol or drugs; the officer was not sure to which circumstance he could attribute Buchanan's conduct. Due to the exigencies of the situation, Buchanan was transported to the hospital to be treated for his injuries.

Under the implied consent law as it existed before the Supreme Court's ruling, the evidence of serious injuries presented here would have been sufficient to authorize testing without Buchanan's actual consent.[6] But after *Cooper*, implied consent is not invoked by the existence of serious injuries. Because the officer misled Buchanan, albeit unintentionally, about his implied consent rights, and any consent based upon the misrepresentation is invalid, the results of the blood test procured pursuant to the implied consent statute must be excluded.[7]

We note that the facts arguably would have supported the giving of an implied consent notice based on an alleged violation of OCGA § 40-6-391.[8] However, the statute, as it now stands, provides that consent is implied only if a person is *arrested* for a violation of OCGA § 40-6-391. Here, Buchanan was not arrested for any such violation before the testing was conducted. The test results are not admissible under OCGA § 40-5-55 (a), so the trial court's denial of the motions to suppress and in limine must be reversed.

2. As Buchanan's remaining claim of error may recur on remand, we address it also.

Buchanan contends that Count 1 of the accusation should have been quashed due to vagueness. In pertinent part, Count 1 accused Buchanan of driving on State Route 42 in Henry County on March 11, 2002, "under the influence of a drug to the extent that it was less safe to do so." Count 2 accused him of driving while under the influence of drugs, in that he drove while amphetamines were present in his blood. Count 3 accused him of driving while under the influence of a drug (unspecified) when it was less safe for him to do so. Count 4 accused him of driving while under the influence of a drug, by driving

---

[4] Id.
[5] See id.
[6] See *Smith v. State*, 143 Ga. App. 347, 349 (1) (238 SE2d 698) (1977).
[7] See *Cooper*, supra.
[8] See OCGA § 40-5-55 (a).

while cannabinoids were present in his blood. Buchanan was convicted of Counts 1 and 2, and sentenced on Count 1.

Buchanan argues that the trial court erred in denying his motion to quash Count 1 because that count failed to name any particular drug. Buchanan points to no authority, and we find none, holding that an accusation brought pursuant to OCGA § 40-6-391 (a) (2) is insufficient if it fails to name a particular drug. In fact, subsection (a) (2) makes it unlawful to drive while under the influence of *any* drug.

In any event, the true test of the sufficiency of an accusation is not whether it could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, whether it sufficiently apprises the defendant of what he must be prepared to meet and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.[9]

As Buchanan concedes, this Court applies a harmless error test in order to determine if the alleged error has prejudiced the defendant.[10] After a verdict, no prejudice being shown, it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the accusation.[11]

A fair construction of the accusation in this case reveals that Buchanan was informed of the elements of the charged offense and that he would need to meet charges that he drove while under the influence of drugs, particularly amphetamines and cannabinoids. And, before trial, the court dismissed Counts 3 and 4, leaving for trial only the two drug counts which either specified the presence of amphetamines or named no particular drug. No other drugs were mentioned at the trial of the case, and Buchanan's only drug convictions were for driving under the influence of drugs due to the presence of amphetamines and for driving under the influence of an unspecified drug when it was less safe to do so; these two charges merged for sentencing purposes. Thus, Buchanan cannot reasonably claim the language of Count 1 was so insufficient that he was surprised by evidence introduced at trial or was unable to prepare a defense.[12] The accusation was also sufficiently specific that Buchanan did not risk future prosecution for the same offenses.[13]

Accordingly, Buchanan was not misled to his prejudice by any

---

[9] *Franklin v. State*, 243 Ga. App. 440, 441 (533 SE2d 455) (2000); see generally *Perkins v. State*, 197 Ga. App. 577, 580 (2) (398 SE2d 702) (1990).

[10] See *Broski v. State*, 196 Ga. App. 116, 117 (1) (395 SE2d 317) (1990).

[11] Id. at 118.

[12] See *Grant v. State*, 227 Ga. App. 88, 91 (1) (488 SE2d 79) (1997).

[13] See *Franklin*, supra.

imperfection in the accusation.[14] Any error in failing to try Buchanan upon a more specific accusation was manifestly harmless.[15]

3. Inasmuch as Buchanan does not challenge his conviction for failure to maintain a lane, and because he stipulated to the facts surrounding the charge at trial, that conviction is affirmed.

*Judgment reversed and case remanded as to driving under the influence charges. Judgment affirmed as to failure to maintain lane. Eldridge and Mikell, JJ., concur.*

DECIDED NOVEMBER 14, 2003.

*Virgil Brown & Associates, Larkin M. Lee*, for appellant.

*Charles A. Spahos, Solicitor-General, Jefferson F. Upchurch, Assistant Solicitor-General*, for appellee.

---

[14] Id.; see *Merritt v. State*, 254 Ga. App. 788, 791 (2) (564 SE2d 3) (2002).
[15] *Broski*, supra at 118.