A04A2375. MILLS v. THE STATE.
(610 SE2d 80)

RUFFIN, Presiding Judge.

Following a bench trial, the trial court found Jessica Mills guilty of being a minor while driving with an unlawful alcohol level in violation of OCGA § 40-6-391 (k) (1).[1] In her sole enumeration of error, Mills argues that the State failed to prove a material allegation in the accusation. For reasons that follow, we affirm.

The evidence shows that Mills was 19 years old at the time of her arrest. Nevertheless, the State charged Mills through accusation with

the offense of *40-6-391 (k) (1) MINOR DRIVING WITH AN UNLAWFUL ALCOHOL LEVEL*, a Misdemeanor, for that the said accused in the County of Cobb, on the **13TH** day of **JULY, 2003**, did unlawfully *while being under the age of 18*

---

[22] See OCGA §§ 50-18-70; 50-18-72.

[1] Mills also was charged with violating OCGA § 40-6-391 (a) (1), underage possession of alcohol by consumption, and speeding. The trial court merged those charges into Mills' conviction under OCGA § 40-6-391 (k) (1).

was [sic] in actual physical control of a moving vehicle while his [sic] alcohol concentration was at least 0.02 grams within three hours after such physical control ended, from alcohol consumed before such actual physical control ended.[2]

Mills argues on appeal that, because the State failed to prove that she was under 18 at the time of the offense, it did not meet its burden of proof. In essence, she contends that a fatal variance between the offense as charged and the evidence produced at trial requires reversal.

We disagree. Under Georgia law,

[a] variance between the allegations and the proof is so material as to be fatal only when it deprives the accused of [the] obvious requirements (1) that [she] shall be definitely informed as to the charges against [her], so that [she] may be enabled to present [her] defense and not be taken by surprise by the evidence offered at the trial; and (2) that [she] may be protected against another prosecution for the same offense.[3]

The accusation charged Mills with violating OCGA § 40-6-391 (k) (1), which provides that "[a] person under the age of 21 shall not drive or be in actual physical control of any moving vehicle while the person's alcohol concentration is 0.02 grams or more." Although the accusation further stated that Mills was under 18 when she violated this statute, such language does not result in a fatal variance. The accusation apprised Mills of the charge against her, and that charge involved drinking and driving while under 21 years of age. Given the accusation's clear citation to OCGA § 40-6-391 (k) (1), as well as its description of the offense, Mills was not taken by surprise regarding the offense charged.[4] And she certainly was not surprised by the trial evidence relating to her actual age on the date of the offense.[5]

---

[2] (Emphasis supplied.)

[3] (Punctuation omitted.) *Dobbs v. State*, 199 Ga. App. 793, 794 (2) (406 SE2d 252) (1991).

[4] See *Broski v. State*, 196 Ga. App. 116, 116-117 (1) (395 SE2d 317) (1990) ("[R]eciting the proper statute is a sufficient, though not desirable, method of fulfilling the requirement here of OCGA § 17-7-71 (c)" that " '[e]very accusation . . . state[ ] the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury.' "). Compare *Spence v. State*, 263 Ga. App. 25, 28 (2) (587 SE2d 183) (2003) ("[M]erely reciting portions of a statute is not sufficient [to apprise a defendant of the charges against him] if, reading the accusation together with the statute, a defendant is unable to determine which of his acts are alleged to be criminal in nature.").

[5] See *Gantt v. State*, 263 Ga. App. 102, 106 (2) (587 SE2d 255) (2003) (because the defendant was in the best position to know what type of drug she had ingested, she could not show that she was misled by the State's failure to name a specific drug in accusation charging her with driving under the influence of drugs).

The accusation fully informed Mills that she was being prosecuted pursuant to OCGA § 40-6-391 (k) (1), which prohibits driving under the influence while under 21 years of age. Her age as proven at trial brought her within the parameters of this Code section. Furthermore, we can discern no reason why the variation between the age stated in the accusation and her actual age at the time of the offense will subject Mills to a second prosecution. Under these circumstances, we find no material variance.[6]

Moreover, even if the error in the accusation renders it insufficient, we apply a harmless error test to determine whether such insufficiency requires reversal.[7] And, after a verdict, if no prejudice is shown, "it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the accusation."[8] In other words, a defendant who was not misled to his prejudice by the accusation cannot obtain a reversal on this basis.[9] Mills has not alleged that she was prejudiced or misled by any imperfection in the State's accusation, and we find no evidence that she was prejudiced or misled, particularly given the language used in the accusation. Accordingly, the trial court properly rejected her argument that a variance or deficiency in the accusation required a defense verdict on this charge.[10]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED DECEMBER 27, 2004 —
RECONSIDERATION DENIED FEBRUARY 4, 2005.

*Head, Thomas, Webb & Willis, Allison E. McCarthy*, for appellant.

*Barry E. Morgan, Solicitor-General, Jessica K. Moss, Kisa D. Pangburn, Assistant Solicitors-General*, for appellee.

---

[6] See *Partridge v. State*, 187 Ga. App. 325, 327 (3) (370 SE2d 173) (1988) (although indictment charged defendant with possessing more than 400 grams of cocaine, and evidence showed that he only possessed 319 grams, no material variance arose because the amount proven at trial established a violation of the charged offense, which prohibited possession of 28 grams or more of cocaine).

[7] See *Buchanan v. State*, 264 Ga. App. 148, 151 (2) (589 SE2d 876) (2003); *Lockett v. State*, 257 Ga. App. 412, 413-414 (1) (571 SE2d 192) (2002).

[8] *Buchanan*, supra.

[9] See *Broski*, supra at 118.

[10] See *Buchanan*, supra at 151-152; *Gantt*, supra at 105-106; *Broski*, supra.