A96A1310. IN RE ESTATE OF LOUISE DONALD.
(474 SE2d 251)

BLACKBURN, Judge.

John Joyner, in his capacity as the guardian of Louise Donald's property, appeals the probate court's order which denied his claim for statutory commission upon the final distribution of Donald's property to the co-executors of her estate.[1]

On April 20, 1993, Joyner was issued "Letters of Guardianship of the Property of [an] Incapacitated Adult" over Donald's property. Thereafter, Donald died and, on September 19, 1995, the probate court issued letters of testamentary to the co-executors under Donald's will. In Joyner's final return as guardian, he proposed to pay himself the statutory commission on the final distribution of Donald's funds to the co-executors of Donald's estate.

The probate court denied Joyner's request for statutory commission based upon *Roberts v. Chew*, 198 Ga. App. 653 (402 SE2d 770) (1991) (physical precedent only). In *Roberts*, supra, guardianship fees based on the guardian's relinquishment of the wards' assets to their respective estates were denied based upon the court's determination that "no such commission shall be paid for handing over trust assets to a successor fiduciary. OCGA §§ 53-6-142; 29-2-43." Id. Although the facts in *Roberts* are very similar to those in the present case, it is not binding precedent as it was a panel decision not fully concurred in by three judges. See Court of Appeals Rule 33 (a). Because neither OCGA § 53-6-142 nor § 29-2-43 applies to the present case, we decline to follow the holding in *Roberts*.

OCGA § 53-6-140 (a) provides, in pertinent part, that "[a]s compensation for his services, an administrator, executor, trustee, or guardian shall have a commission of 2½ percent on all sums of money received by him on account of the estate . . . and a like commission on all sums paid out by him, either for debts, legacies, or dis-

---

[1] As this case involves the interpretation of a statute as a matter of law, our review is de novo.

tributive shares." This statutory commission is limited by the language of OCGA § 29-2-43 which pertinently provides that "[i]f the guardian resigns, dies, or is removed under any circumstances, no commissions shall be allowed for turning over the estate to a new guardian." OCGA § 29-2-43 does not apply to the present circumstances as, by its unambiguous terms, it applies to situations where a guardian has resigned,[2] died,[3] or is removed[4] and a new *guardian* is appointed. In the present case the guardian is simply seeking a dismissal[5] of his services as the property of the guardianship is now subject to the terms of the decedent's will. Such a dismissal does not constitute his resignation, death, or removal and no new guardian will be appointed as the need for a guardianship no longer exists. While it could rationally be argued that the turning over of an estate by a guardian to an executor should stand on the same footing as that of a guardian-to-guardian transfer, the legislature, which has been very specific in such provisions, has not so provided.

The statutory commission is also limited by OCGA § 53-6-142, which provides that "[w]here, from any cause, a trust fund passes through the hands of several administrators or executors, by reason of the death, removal, or resignation of the first qualified administrator, executor, or otherwise, the fund shall not be subject to diminution by charges of commissions by each successive administrator or executor holding and receiving *in the same right*. In such a case, commissions for receiving the fund shall be paid to the first administrator or executor or his representative, and commissions for paying out shall be paid to the administrator or executor actually disbursing the fund, and no commissions shall be paid for handing over the fund to the successor of an administrator or executor." (Emphasis supplied.) By its very terms, OCGA § 53-6-142 does not apply to guardians but to administrators and executors. The legislature's failure to include guardians under the terms of OCGA § 53-6-142 can be explained by the existence of OCGA § 29-2-43 which prescribes when guardians are not entitled to the statutory commission. Furthermore, OCGA § 53-6-142 specifically addresses a situation in which successive administrators or executors are holding and receiving the trust "in the same right," not a situation in which a guardian's function is completed due to the death of his ward, and an executor is appointed pursuant to the terms of the decedent's will.

---

[2] OCGA § 29-2-72, not herein involved, sets forth the procedure for the resignation of a guardian.

[3] OCGA § 29-2-75, not herein involved, provides for the appointment of a successor guardian in the event of the first guardian's death.

[4] OCGA § 29-2-45, not herein involved, addresses revocation of the guardian's letters.

[5] OCGA § 29-2-84 sets forth the procedure for obtaining letters of dismission.

Having interpreted the statutes herein involved pursuant to OCGA § 1-3-1 (a) and (b), we find that Joyner is entitled to the statutory commission provided for in OCGA § 53-6-140 (a).

*Judgment reversed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 23, 1996.

*Joyner & Burnette, Mark G. Burnette*, for appellant.
John H. Donald, *pro se*.