## A99A1750. THE STATE v. STEARNS.
### (524 SE2d 554)

PHIPPS, Judge.

Police set up a roadblock north of a cluster of nightclubs and bars as they were closing. Only vehicles driving north were stopped. Stearns was charged with DUI as a result of evidence obtained by police after he was detained. Because only vehicles proceeding in one direction were stopped, the trial court determined that the roadblock was unconstitutional and granted Stearns's motion to suppress. The trial court's decision turns on a misapplication of law to undisputed facts. Therefore, we reverse.

DeKalb County police officers established the roadblock near the Cherokee Plaza shopping center in Atlanta. Numerous drinking establishments are located south of the roadblock in the Buckhead area. All northbound drivers were asked to produce driver's licenses and proof of insurance. Stearns's vehicle was stopped by Officer Fox. Fox testified that when DeKalb County police establish roadblocks along multi-lane thoroughfares such as Peachtree Road, only vehicles traveling in one direction are stopped because of concerns for officer safety. He testified that there was an insufficient number of officers to stop vehicles going in both directions. Fox explained that roadblocks such as the one in this case are established during evening hours, because traffic is light and all vehicles traveling in one direction can be stopped without creating traffic congestion. Fox testified unequivocally that all vehicles traveling northward on Peachtree Road were being stopped on the night in question, although he acknowledged that he was not observing the roadblock while performing field sobriety evaluations on Stearns. He further acknowledged that the officers at the roadblock were looking for drunk drivers.

Because there were at least eight officers on the scene, numerous marked police cars, cones lining the roadway, and very light traffic, the trial court found that there were more than enough officers to stop vehicles traveling in both directions. The court found that the purpose of the roadblock was to stop potentially intoxicated drivers leaving the bar scene, and the court concluded that the officers violated the Fourth Amendment by stopping vehicles traveling in only one direction. The court reasoned that, "[a]llowing officers to stop traffic traveling in only one direction gives the police the authority to target particular groups such as Hispanics, Vietnamese, and African

Americans which is clearly unconstitutional." *Held*:

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.[1]

In *Delaware v. Prouse*,[2] the United States Supreme Court determined that a police officer's random stop of an automobile to check the licensing of the driver and registration of the vehicle constitutes an unreasonable seizure under the Fourth Amendment. Distinguishing *Prouse*, the Supreme Court in *Michigan Dept. of State Police v. Sitz*[3] approved sobriety checkpoints established at pre-selected sites at which all vehicles passing through are stopped and their drivers briefly examined for signs of intoxication.

Relying on *Michigan Dept. of State Police v. Sitz*, and *State v. Golden*,[4] the Supreme Court of Georgia in *LaFontaine v. State*[5] adopted *Golden*'s five factors to determine when a roadblock stop is reasonable within Fourth Amendment requirements.[6] As stated in *LaFontaine*, a roadblock is satisfactory where (1) the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; (2) all vehicles are stopped as opposed to random vehicle stops; (3) the delay to motorists is minimal; (4) the roadblock operation is well identified as a police checkpoint; and (5) the screening officer's training and experience are sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.[7] These five factors have not been viewed as absolute requirements, but rather as factors to be taken into consideration in deciding whether, under the totality of the circumstances, there was a valid routine roadblock or the kind of isolated vehicle stop rejected by *Prouse*.[8]

The trial court found that the roadblock in this case satisfied the first, third, fourth, and fifth factors. The question is whether the one-way roadblock failed to meet the second factor.

---

[1] (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).
[2] 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979).
[3] 496 U. S. 444 (110 SC 2481, 110 LE2d 412) (1990).
[4] 171 Ga. App. 27 (318 SE2d 693) (1984).
[5] 269 Ga. 251, 252 (3) (497 SE2d 367) (1998).
[6] *Brent v. State*, 270 Ga. 160, 161 (2) (510 SE2d 14) (1998).
[7] 269 Ga. at 253.
[8] *Ledford v. State*, 221 Ga. App. 238, 240 (2) (470 SE2d 796) (1996).

In answering this question, we begin by noting that the failure to stop "all" vehicles does not necessarily render the stop of remaining vehicles the kind of random exercise of officer discretion condemned in *Prouse*. This is illustrated by comparing *State v. Manos*[9] with *Ledford v. State*. *Manos* recently found a roadblock constitutionally impermissible in view of unfettered discretion of field officers to allow some vehicles to pass based on vague and undocumented articulation of public safety. *Ledford* did not find it fatal to a roadblock's reasonableness that officers did not stop 18-wheel commercial vehicles and non-commercial vehicles which had been stopped previously. The difference between *Manos* and *Ledford* is that the procedure in the former case but not the latter enabled officers in the field to exercise unregulated discretion in deciding which vehicles to stop. Here, supervisory officers decided to stop all vehicles traveling north on Peachtree Road, Officer Fox testified that all such vehicles were in fact stopped, and the trial court did not find otherwise. This case is more akin to *Ledford* than to *Manos*. The failure to stop vehicles going southward was not fatal to the roadblock's reasonableness. "This is especially true in light of the fact that there is no evidence this roadblock was initiated as a pretext or subterfuge to catch [Stearns]. [Cits.]"[10]

Nor can the roadblock be considered "unreasonable" and "unconstitutional" because it was conducted at a time and place conducive to stopping potentially intoxicated drivers.[11] A valid purpose of roadblocks

> is to locate and arrest those who are abusing the privilege of driving on public roads by driving while they are intoxicated. It further serves to deter such abuse. It is not unreasonable that such roadblocks would be located where such drivers would be expected to be at a time they might be expected to be there.[12]

Allowing supervisory personnel to establish one-way roadblocks does not create any significantly greater potential for the improper targeting of ethnic or racial minorities than empowering them to select the sites for two-way roadblocks. The question is whether such targeting actually occurred in a given case. Because there is no evidence in the record to support a finding that it did here, the court

---

[9] 237 Ga. App. 699, 700 (516 SE2d 548) (1999).

[10] 221 Ga. App. at 240.

[11] *Christopher v. State*, 202 Ga. App. 40, 41 (1) (413 SE2d 236) (1991); accord *Brimer v. State*, 201 Ga. App. 401, 402 (2) (411 SE2d 128) (1991).

[12] (Citations and punctuation omitted.) 202 Ga. App. at 41.

erred in granting the motion to suppress.

*Judgment reversed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 4, 1999 —
RECONSIDERATION DENIED NOVEMBER 16, 1999 — 

*Gwendolyn R. Keyes, Solicitor, David M. Zagoria, Thomas E. Csider, Assistant Solicitors,* for appellant.

*Monte K. Davis,* for appellee.