A00A0631. BARRACO v. THE STATE.
(537 SE2d 114)

BLACKBURN, Presiding Judge.

Following a jury trial in which the evidence was submitted by stipulated fact, Michael Barraco appeals his conviction of misdemeanor possession of marijuana. Barraco contends the trial court erred in denying his motion to suppress evidence of marijuana found during a search of his person, following a traffic stop. Barraco, who was initially stopped because of a defective headlight, contends the inquiry which followed his accidental display of rolling papers during his search for his driver's license exceeded the scope of the initial search. He also contends that the officer failed to give him required warnings under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), prior to searching him after he had told the officer that he used the rolling papers to smoke marijuana. We affirm.

> An appellate court reviewing a trial court's order on a motion to suppress evidence must accept the trial court's decisions with regard to questions of fact and credibility unless they are clearly erroneous. The reviewing court must also construe the evidence most favorable to the upholding of the trial court's findings and judgment and must not disturb the findings of the trial judge unless no evidence exists to support them.

(Citation omitted.) *Parker v. State*, 233 Ga. App. 616, 617 (504 SE2d 774) (1998).

The facts as presented at the hearing on the motion to suppress are not in dispute. The parties stipulated the facts at trial. On February 13, 1999, Officer Green observed a car with a malfunctioning right headlight on U. S. Highway 27 in Decatur County. Officer Green stopped the car which was driven by Barraco. After advising Barraco of the reason for the stop, Officer Green asked Barraco for his driver's license and proof of insurance. Barraco pulled out his wallet, and a package of rolling papers fell out. At that point, Barraco appeared to become nervous and his hand trembled. Officer Green asked Barraco about the rolling papers, and Barraco replied he had them because he smoked marijuana. Officer Green then asked Barraco if he had any marijuana on him or in the car, and Barraco said he did not.

Officer Green asked Barraco if he could search him and the car.

Barraco denied permission to search. Based on the rolling papers, the trembling of Barraco's hand immediately upon the disclosure of the papers, his general nervousness, and his statement that he smoked marijuana and used the papers to do so, Officer Green told Barraco he was going to search him and the car. Officer Green asked Barraco to get out of the car. Then, as part of the general search, Officer Green asked Barraco to empty his pockets. After he did so, Officer Green observed a bulge still in Barraco's pocket and asked him to remove the item from his pocket, which Barraco did. The item was a plastic sandwich bag containing marijuana.

1. Barraco argues that, while the initial stop for the burned-out headlight was valid, Officer Green's inquiry about the rolling papers unreasonably exceeded the permissible scope of the stop. The law generally provides that

> [a]n investigatory traffic stop [should be] limited in time to that minimally necessary to investigate the allegation invoking suspicion, and limited in scope to identification and limited questioning reasonably related to the circumstances that justified the initiation of the momentary stop. *Smith v. State*, 216 Ga. App. 453, 454-455 (454 SE2d 635) [(1995)].

(Citations and punctuation omitted.) *State v. Blair*, 239 Ga. App. 340, 341 (521 SE2d 380) (1999).

Here, Barraco opened his wallet to locate his license, the rolling papers fell out, and Officer Green immediately asked about their use. Barraco admitted that he used the papers to smoke marijuana. It was this response, coupled with the totality of the circumstances, above described, which provided an articulable suspicion that a crime was being committed and justified further inquiry.

In contrast, we have held that an officer's inquiry is unreasonable where the totality of the circumstances does not rise to such a level. For example, where the officer asks innumerable questions unrelated to the stop and which, almost inevitably, draw answers the officer finds "suspicious." *Migliore v. State of Ga.*, 240 Ga. App. 783 (525 SE2d 166) (1999) (after stopping car for weaving, officer received conflicting answers about the nature of the relationship of the passenger and driver and their itinerary); *Blair*, supra (after stopping car for lack of a tag, officer received conflicting explanations about purpose of journey and ownership of car).

Under the unique circumstances here, we cannot say that the trial court erred in holding that Officer Green's further investigation did not exceed the permissible scope of the stop.

2. We now determine whether the totality of the circumstances and facts combined to establish probable cause to justify a search of

Barraco and the vehicle. We note, however, that the trial court used the wrong legal standard to authorize the search.

The sole evidentiary basis for the search is provided by the arresting officer's testimony that

> when I asked him for his driver's license and insurance, he pulled his wallet out and he was going through his wallet. And he pulled out a package of J & B rolling papers. And at the time he pulled the rolling papers out while he was looking for his license his hand started trembling. I asked him about the rolling papers and he stated he had them because he smoked marijuana. I asked him if he had any marijuana on him or in the vehicle. He stated he did not. He stated that he drove for Bennett Sea Food and he had gotten off and he was on his way home. He stated he didn't smoke at work. I had 911 check his license. They came back valid. I asked him for consent to search him and the vehicle and he denied me consent. Based on him saying that he smoked marijuana, the rolling papers, and his hand starting to tremble, I went ahead and decided to conduct the search.

Thereafter, the State rested, and the prosecutor argued to the trial court that

> [n]umber one, we all know an officer is entitled to search as part of any traffic stop without a warrant.[1] Number two, even were that not so, this Officer has outlined the articulable suspicion necessary to effectuate the search in the nervousness in the presence of the J & B rolling papers indicative of marijuana use, as well as the trembling hands.

After hearing argument, the trial court determined that "I think there is an articulable suspicion assuming — And of course, I'm not having to rule on the truthfulness of that. But assuming that to be true, I think it meets the test."

(a) The presence of "articulable suspicion" does not authorize the search of a person or vehicle under the Fourth Amendment. Probable cause is the constitutional standard.[2] Accordingly, the trial court

---

[1] This is an incorrect statement of the law. A traffic stop in and of itself does not supply probable cause so as to "entitle" an officer to search without a warrant.

[2] Probable cause exists when the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent person to believe that a crime has been committed and that the person or property to be searched possesses or contains material which offends the law. Probable cause requires merely a probability — less than a certainty, but more than a mere suspicion or possibility of such condition. *Brown v. State*, 269 Ga. 830, 831

erred as a matter of law in denying Barraco's motion to suppress on a standard other than probable cause.

(b) However, a trial court's ruling on a motion to suppress will be upheld if it is right for any reason. *Benton v. State*, 240 Ga. App. 243, 244-245 (1) (522 SE2d 726) (1999). Here, while not precisely on point with the issue for which the United States Supreme Court granted certiorari, the factual pattern establishing probable cause is remarkably similar to that found in *Wyoming v. Houghton*, 526 U. S. 295 (119 SC 1297, 143 LE2d 408) (1999). In *Houghton*, an officer stopped a driver for speeding and driving with a faulty brake light. While questioning the driver, the officer noticed a syringe in his shirt pocket. "The officer then asked [the driver] why he had a syringe; with refreshing candor, [the driver] replied that he used it to take drugs." Id. at 298. The existence of probable cause went uncontested, and citing *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925), the Supreme Court recognized such as the starting point for its analysis. *Houghton*, supra at 300.

In the case before us, Officer Green stopped Barraco for a defective headlight. At the initial stage of the investigation, Officer Green properly sought information about Barraco's driver's license and automobile insurance. While retrieving his license, Barraco unintentionally disclosed the rolling papers and advised that he used them to smoke marijuana as opposed to some legal purpose. It was at this time that he became nervous and his hand trembled. All these facts were stipulated at trial. Nervous behavior standing alone does not establish reasonable suspicion and does not rise to the level of probable cause. *Parker*, supra. Even when other factors are present, nervous behavior of a person who has been stopped by an armed law enforcement officer is not an unusual response and is not necessarily strong evidence to support either reasonable suspicion or probable cause. Likewise, the rolling papers standing alone would not support the search. *L. B. B. v. State of Ga.*, 129 Ga. App. 163 (198 SE2d 895) (1973). Here we must look to the totality of the circumstances. All these facts arose as Officer Green was attempting to investigate the initial cause for the stop. The disclosure of the rolling papers was gratuitous and not the result of any inquiry by Officer Green. The inquiry into the use of the rolling papers which are often used in connection with illegal activity was not unreasonable and resulted from the conduct of Barraco.

Construing the evidence most favorably to the trial court's judgment, "the facts and circumstances before Officer [Green] were such as would lead a reasonably prudent person to believe that contra-

(2) (504 SE2d 443) (1998).

band . . . was present." *Brown v. State*, 269 Ga. 830, 833 (504 SE2d 433) (1998). We cannot say that the trial court erred in determining that probable cause existed for the search and in denying Barraco's motion to suppress the evidence.

Barraco erroneously contends that, following his disclosure that he used the rolling papers to smoke marijuana, Officer Green failed to give him *Miranda* warnings before inquiring further about his possession of marijuana. At that time, Officer Green was conducting an investigation to determine whether or not Barraco was presently in possession of marijuana, which he had denied, and had made no conclusion as to that fact. Such condition does not trigger the requirement for *Miranda* warnings. We affirm.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JULY 7, 2000 ▌▌▌▌▌▌▌▌▌▌

*Gilbert J. Murrah*, for appellant.
*Ben Kirbo, Solicitor*, for appellee.