A00A2063. THE STATE v. SHERRILL.
(545 SE2d 110)

SMITH, Presiding Judge.

DeKalb County police stopped Stuart Sherrill at a roadblock. The stop led to charges of driving under the influence of alcohol and driving with an unlawful blood alcohol content. OCGA § 40-6-391 (a) (1), (5). The trial court found that the roadblock was unreasonable under the circumstances and that the evidence gathered as a result of Sherrill's unlawful search and seizure must be suppressed. In a separate order, the trial court also found that the implied consent notice under OCGA § 40-5-67.1 (b) fell below the minimum level of fairness guaranteed by the due process clause of the Georgia Constitution. The State appeals. For reasons that follow, we reverse.

Viewed in the light most favorable to the trial court's ruling, the record shows that on December 13, 1997, DeKalb County police established a roadblock on Peachtree Road in Atlanta. The purpose of the roadblock was to make license and insurance checks, as well as to apprehend DUI drivers. The police, who numbered no less than ten uniformed officers, stopped all cars traveling in the northbound lanes. Motorists were detained less than a minute while the officers checked their licenses and insurance. The DUI task force was present. The roadblock was identified by warning signs, blue lights, and the number of officers in the area. During the course of the roadblock, Sherrill was stopped by Officer Redding. Sherrill immediately produced his license and proof of insurance, and there was no evidence that he was driving in any unsafe manner. Redding, however, noticed the odor of alcohol on Sherrill's breath when Sherrill handed him his license and proof of insurance. Although Redding had no specialized training in identifying DUI suspects, he was certified under the Georgia Peace Officer Standards & Training Act, OCGA § 35-8-1, and had participated in 75 DUI arrests. Redding asked Sherrill where he was coming from, and Sherrill replied that he had been to Thirsty's Bar. Sherrill agreed to undergo a field sobriety evaluation. After conducting the field tests, Redding placed Sherrill under arrest, read him the implied consent notice, and took him to a mobile blood alcohol testing unit for a breath test.

The trial court held an evidentiary hearing on August 31, 1998, to consider Sherrill's motions in limine to exclude evidence. The trial court denied the motions by order dated August 25, 1999. Sherrill subsequently filed an amended motion to exclude evidence on constitutional grounds, along with a motion to reconsider. The trial court granted Sherrill's amended motion because it found that the implied consent notice required by OCGA § 40-5-67.1 (b) was unconstitutional. The trial court also granted Sherrill's motion to reconsider and suppressed all evidence stemming from Sherrill's stop at the Peachtree Road roadblock.

On appeal, a trial court's findings of fact based upon conflicting evidence are analogous to the verdict of a jury and will not be disturbed if any evidence exists to support them. *State v. Swift*, 232 Ga. 535, 536 (1) (207 SE2d 459) (1974). The trial court's application of undisputed facts to law, however, is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

1. In *Klink v. State*, 272 Ga. 605, 606-607 (1) (533 SE2d 92) (2000), our Supreme Court held that the implied consent notice required by OCGA § 40-5-67.1 did not violate a citizen's right to due process under the Georgia Constitution. The trial court's ruling on this point was therefore erroneous, and its "Order Granting Defendant's Motion in Limine" is vacated.

2. The burden of proof of establishing that Sherrill was not subject to an illegal seizure of his person rests upon the State. *State v. Holler*, 224 Ga. App. 66, 69 (2) (479 SE2d 780) (1996). In examining the propriety of roadblock stops, the issue for resolution is not whether probable cause existed to stop the vehicle, but whether the roadblock stop was otherwise implemented and conducted in such a manner that the stop of the vehicle was "reasonable" under the Fourth Amendment. *LaFontaine v. State*, 269 Ga. 251, 252 (3) (497 SE2d 367) (1998). See *Michigan Dept. of State Police v. Sitz*, 496 U. S. 444, 450 (110 SC 2481, 110 LE2d 412) (1990). In determining such reasonableness, our Supreme Court has held:

> A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the "screening" officer's training and experience [are] sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication. [Cit.]

*LaFontaine*, 269 Ga. at 253. The *LaFontaine* test was reconfirmed in *Brent v. State*, 270 Ga. 160 (510 SE2d 14) (1998), in which our Supreme Court ruled that the Georgia Constitution requires no greater protection to the individual than the United States Constitution in balancing the citizen's right to travel and government's interest in law enforcement. Id. at 162 (2).

Here, the record shows that the State satisfied its burden of proving reasonableness under *LaFontaine*. Considering the *LaFontaine* factors, the record shows that Redding was ordered to work the roadblock by his immediate supervisor, Sergeant Ice. Police Lieutenant Miller, whose job was to oversee and instruct, was present at the roadblock. Redding had no personal knowledge of the supervising officer who actually authorized the roadblock, and the State was unable to come forward with this information at the hearing. But it is important to show lack of "unfettered discretion" on the part of field officers, see *LaFontaine*, 269 Ga. at 253 (3), and the State has done that by showing that Redding reported to the roadblock at the direction of a superior and was under a lieutenant's supervision while on site. Although the police were stopping only all cars traveling north, this has been found to be reasonable. See *State v. Stearns*, 240 Ga. App. 806, 807-808 (524 SE2d 554) (1999). The minimal nature of the stop and the identification of the checkpoint were well established at the hearing.

Sherrill questions the sufficiency of Officer Redding's training and experience because he has only basic police training and there was no showing that he had acted as a screening officer at a roadblock before. A screening officer need only be "sufficiently trained to enable him to make a determination as to which motorists should be asked to take the field sobriety tests." *Evans v. State*, 190 Ga. App. 856, 857 (380 SE2d 332) (1989). Given Redding's considerable experience in handling DUI arrests, the State demonstrated that he was able to make a reasoned judgment as to which motorists should be asked to take a sobriety test.

We note that the *LaFontaine* factors structure the court's analysis but are not absolute criteria that must be met in every particular for a roadblock to be reasonable. Instead, the court looks to the "totality of circumstances." See *Albert v. State*, 236 Ga. App. 146, 148 (511 SE2d 244) (1999). Looking at the totality of the circumstances surrounding the roadblock, we find that it was reasonable for purposes of complying with state and federal constitutional requirements.

The trial court here found the roadblock to be unreasonable because the State failed to show that DeKalb County police complied with additional local requirements with respect to the establishment of a roadblock. At the hearing on his motion to suppress, Sherrill introduced a certified copy of a portion of the DeKalb County police policies and procedures manual, which the trial court also referred to as a traffic law enforcement manual. In its final order, the trial court found the manual to have the force of law. Section 4-9, paragraph H, of the manual provides:

Roadblocks for purposes of apprehending D.U.I.s or other non-regulatory enforcement must meet guidelines in addition to those mentioned above. 1. A roadblock will only be used when a specific need or public concern can be documented. For instance, a D.U.I. roadblock could only be established at locations which can be shown to have a higher than normal incidence of D.U.I. arrests or a higher D.U.I. accident rate. 2. Precinct Commanders authorizing roadblocks for the purpose of D.U.I. enforcement will document the need and supporting data for a roadblock at a specific location. Subsequent enforcement data (i.e., number of arrests, tickets) will be maintained and stored with the authorization of the precinct. This information will be retained for a period of one year. The Uniform Division Commander will be notified in advance of the establishment of any roadblock for the purposes defined in "G" and "H" above.

The trial court, after setting forth the above-listed requirements

for establishing a DUI roadblock, held:

> This Court concludes that the procedures stated in the DeKalb Traffic Law Enforcement manual are required to be followed for that roadblock to be reasonable. The State did not offer evidence to show that these specific requirements were followed. The State did not provide documentation to establish why the roadblock was set up at the location in question. The Court concludes that the requirement under the DeKalb Traffic Law Enforcement manual for DUI road-blocks was not met. The manual states, "[T]he roadblocks for the purpose of apprehending DUI [drivers] must meet the guidelines in addition to those mentioned above." The Court treats the word "must" as meaning that it is required and not optional. Although the opinion in [*LaFontaine v. State*, supra,] does not require documentation of that nature, the County manual requires that kind of documentation.

While we agree with Sherrill that the Georgia Constitution and laws may establish rights greater than the minimum required by the United States Constitution, see generally *Powell v. State*, 270 Ga. 327 (510 SE2d 18) (1998), the DeKalb County police policies and procedures manual is not such a law. The manual speaks to notification within the police department and the establishment and retention of documents. Although the manual directs that "[a] roadblock will only be used when a specific need or public concern can be documented," it does not specify what these needs or concerns must be. The establishment of roadblocks at locations that are shown to have a higher than normal incidence of DUI arrests is an example of such a concern, not a requirement. We do not find that the procedures manual, which primarily concerns internal police matters, acts to grant rights to DeKalb County drivers not extant under existing constitutional and statutory law. Therefore, without deciding whether failure by police to comply with a local law could require the exclusion of otherwise admissible evidence, we hold that the State was not required to show compliance with Section 4-9, paragraph H, of the DeKalb County police policies and procedures manual to establish a valid search and seizure. Accordingly, the trial court's grant of Sherrill's motion in limine must be reversed.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 29, 2001.

*Gwendolyn R. Keyes, Solicitor, Lawrence A. Silverman, Thomas*

*E. Csider, Assistant Solicitors*, for appellant.
*Chestney Hawkins Law Firm, Robert W. Chestney*, for appellee.