## A01A1463. BARRACO v. THE STATE.
(555 SE2d 244)

BLACKBURN, Chief Judge.

In his second appeal before this Court,[1] Michael Barraco contends that, during sentencing, the trial court misapplied OCGA § 15-21-73 (a) (1), thereby imposing an excessive penalty on him and entering an improper sentence. Because we find that the penalty imposed on Barraco exceeds the penalty cap set forth in OCGA § 15-21-73 (a) (1), we reverse.

Following remittitur, Barraco filed a motion for the trial court to enter a valid judgment of sentence, claiming for the first time that the penalty imposed as part of his sentence was unlawful under OCGA § 15-21-73 (a) (1). The trial court denied Barraco's motion, concluding that the penalty was properly applied. Barraco brought this appeal. "As this case involves the interpretation of a statute as a matter of law, our review is de novo." *In re Estate of Donald.*[2]

OCGA § 15-21-73 (a) (1) provides: "In every case in which any state court . . . in this state shall impose a fine, which shall be construed to include costs, for any offense against a criminal or traffic law of this state or political subdivision thereof, there shall ·be imposed as an additional penalty a sum equal to the lesser of $50.00 or 10 percent of the original fine." Barraco argues that OCGA § 15-21-73 (a) (1) limits the penalty to the lesser of $50 or ten percent of the sum of the fine and costs imposed by the sentencing judge. In this case, the court imposed the penalty on the fine and costs as separate components of Barraco's sentence (i.e., $50 on the $1,000 fine and $25 on the $250 costs), arriving at a penalty of $75. Therefore, Barraco contends that the fine exceeds the $50 statutory limit and, as a result, the fine is unlawful and his sentence is void. We agree.

"[J]udicial construction is necessary only when a statute is ambiguous; in fact, when the language of a statute is plain and unequivocal, judicial construction is not only unnecessary but forbidden." *Fleming v. State.*[3] The plain language of the statute provides that a penalty is to be applied to criminal or traffic fines imposed by the trial court and these fines "shall be construed to *include* costs." (Emphasis supplied.) OCGA § 15-21-73 (a) (1). Therefore, we hold that the penalty contemplated by OCGA § 15-21-73 (a) (1) is to be cal-

---

[1] Barraco was convicted by a jury of misdemeanor possession of marijuana and was sentenced to 12 months of confinement and a fine of $1,000. Costs were assessed against Barraco at $250. On July 2, 1999, Barraco appealed, arguing that the trial court erred in denying his motion to suppress evidence of marijuana found during a police search. On July 7, 2000, the Court of Appeals affirmed in *Barraco v. State*, 244 Ga. App. 849 (537 SE2d 114) (2000).

[2] *In re Estate of Donald*, 222 Ga. App. 355, n. 1 (474 SE2d 251) (1996).

[3] *Fleming v. State*, 271 Ga. 587, 589 (523 SE2d 315) (1999).

culated based on the lesser of $50 or ten percent of the sum of the fine and costs imposed by the sentencing court. Had the legislature intended for courts to apply the statutory penalty separately to both fines and costs, it could have so provided. As written, however, costs are included with fines for purposes of the penalty calculation.

The State argues that Barraco's appeal should be dismissed as moot because Barraco waived the penalty issue by failing to raise it during his first appeal. However, the State fails to consider that a trial court may resentence a defendant at any time when the sentence is contrary to law. *Crumbley v. State;*[4] *Daniels v. State.*[5] Therefore, this argument fails. We also reject the State's argument that Barraco's only recourse is to file a mandamus action against the official responsible for assessing and collecting fines under OCGA § 15-21-73.[6] The State cites no authority for this proposition; moreover, the trial court's denial of Barraco's motion to enter a valid judgment of sentence was subject to appeal to this Court. See OCGA § 5-6-34 (a).

We direct that the trial court resentence Barraco so as to comply with OCGA § 15-21-73.

*Judgment reversed and remanded with directions. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 12, 2001.

*Gilbert J. Murrah*, for appellant.
*Ben Kirbo, Solicitor-General*, for appellee.

---

[4] *Crumbley v. State*, 261 Ga. 610, 611 (409 SE2d 517) (1991).
[5] *Daniels v. State*, 244 Ga. App. 522 (536 SE2d 206) (2000).
[6] OCGA § 15-21-74 provides that the penalties imposed by OCGA § 15-21-73 "shall be assessed and collected by the court officer charged with the duty of collecting moneys arising from fines and forfeited bonds."