## A02A1316. THE STATE v. ALLEN.
### (570 SE2d 34)

ELLINGTON, Judge.

A Baker County grand jury returned a true bill of indictment against Lemonte Montez Allen for the offenses of vehicular homicide, OCGA § 40-6-393, driving under the influence of alcohol, OCGA § 40-6-391, and failure to maintain his vehicle within its lane, OCGA § 40-6-48. Allen moved to suppress the results of his blood alcohol test, contending the State failed to read him the implied consent notice required by OCGA § 40-5-67.1 prior to the test. After a pretrial hearing on this issue, the trial court took the matter under advisement and later granted Allen's motion; however, the court did not base its decision on the implied consent ground argued. Instead, the court suppressed the test results based upon a finding that "[n]o evidence was introduced from which the court can find that the blood sample was taken within three hours after the defendant was operating a motor vehicle," citing OCGA § 40-6-391 (a) (5). Pursuant to OCGA § 5-7-1 (4), the State appeals. Because the trial court's ruling is based upon an erroneous interpretation of the law, we reverse.

In reviewing a motion to suppress,[1] we construe the evidence

---

[1] Although Allen labeled his motion a motion to suppress, we note that most challenges to the admissibility of evidence based upon the procedures used in reading a defendant the statutory implied consent notice should be raised in a motion in limine. *Goddard v. State*, 244 Ga. App. 730, 731 (536 SE2d 160) (2000); see also *State v. Johnston*, 249 Ga. 413, 414-415 (3) (291 SE2d 543) (1982). The distinction can be significant (though it is irrelevant in Allen's case) because the burdens of proof and whether the trial court has a duty to rule pre-

most favorably to uphold the findings and judgment of the trial court. Where the evidence is uncontroverted and there is no question concerning the credibility of witnesses, we conduct a de novo review of the trial court's application of the law to the undisputed facts. *State v. Stearns*, 240 Ga. App. 806, 807 (524 SE2d 554) (1999). The State adduced the following relevant, undisputed facts: A state trooper testified that he met Allen at the hospital emergency room at the request of a trooper who remained at the accident scene. The trooper testified that he read Allen the appropriate implied consent notice from a card he carried. The trooper testified that Allen was conscious and communicative, appeared to understand him, and consented to the blood test. The trooper testified that he was not present at the scene of the accident and that he did not know when the accident occurred. The State presented evidence that Allen's blood was drawn for testing at 1:39 p.m. on June 15, 2001.

OCGA § 40-6-391 (a) (5) provides, in pertinent part, that a "person shall not drive" while his or her alcohol concentration is above the proscribed limit "within three hours after" such driving. The statute does not require that an alcohol concentration test be administered within three hours of the accident allegedly caused by drunken driving. As we have held, "[i]t need be established only that [the defendant's] alcohol concentration [exceeded the legal limit][2] during the three-hour period after he ceased driving or exercising actual physical control of the vehicle." *Yarbrough v. State*, 241 Ga. App. 777, 782 (4) (c) (527 SE2d 628) (2000). This is because it is possible, through the use of expert testimony, to establish a defendant's alcohol concentration for the relevant time period even though the test was administered more than three hours later. See *Allen v. State*, 229 Ga. App. 435, 440 (2) (c) (494 SE2d 229) (1997) (physical precedent only). Therefore, the trial court erred in suppressing Allen's alcohol test results on this basis.

In his appellate brief, Allen argues that the court's ruling was nevertheless right for other reasons. He contends the State failed to show, among other things, that his blood alcohol test was taken "as soon as possible"[3] after the accident. None of the arguments Allen makes on appeal, however, were presented in his written motion, argued before the trial court, or ruled on below. "[I]ssues not raised in

---

trial vary depending on the type of motion made. See *Pierce v. State*, 173 Ga. App. 551, 552-553 (2), (3) (327 SE2d 531) (1985).

[2] OCGA § 40-6-391 (a) (5) was amended in 2001 to reduce the alcohol concentration from 0.10 to 0.08. Ga. L. 2001, p. 208, § 1-5.

[3] An alcohol concentration test must be administered "as soon as possible" pursuant to OCGA §§ 40-5-55 (a) and 40-5-67.1 (a). See *Joiner v. State*, 239 Ga. App. 843, 847-849 (2) (522 SE2d 25) (1999). "As soon as possible" is determined based upon the circumstances of each case. Id. at 848 (2).

the trial forum in any form calling for a ruling will not be considered on appeal, for this is a court for correction of errors made by the trial court." (Citations and punctuation omitted.) *Romano v. State*, 193 Ga. App. 682 (1) (388 SE2d 757) (1989). Moreover, a motion to suppress must be made "in writing and state facts showing that the search and seizure were unlawful." OCGA § 17-5-30 (b). On a motion to suppress, the State is entitled to proper notice of the issue raised or it will be deemed waived. *State v. Armstrong*, 203 Ga. App. 159, 160 (1) (416 SE2d 537) (1992). For these reasons, we do not consider the alternate bases Allen urges for granting his motion to suppress.

Because the trial court's order granting Allen's motion to suppress is based upon an erroneous interpretation of the law, it is reversed.

*Judgment reversed. Smith, P. J., and Eldridge, J., concur.*

DECIDED JULY 29, 2002.

*J. Brown Moseley, District Attorney, Joseph E. Griffin, Assistant District Attorney*, for appellant.

*Donald D. Rentz*, for appellee.