A02A1255. LOCKETT v. THE STATE.
(571 SE2d 192)

ELLINGTON, Judge.

On January 6, 2000, Monroe County officers arrested Marion Lockett after the tractor-trailer he was driving turned over. A breath test showed a blood alcohol level of 0.073 grams. After a bench trial, the Probate Court[1] of Monroe County found Lockett guilty of driving under the influence of alcohol to the extent that it was less safe to drive, OCGA § 40-6-391 (a) (1), and driving a commercial motor vehicle while there was 0.04 percent or more by weight of alcohol in his blood, breath, or urine, OCGA § 40-6-391 (i). The probate court

---

[12] OCGA § 16-5-21 (a) (2).
[13] See *Thurman v. State*, 249 Ga. App. 390, 392 (3) (547 SE2d 715) (2001).
[14] See id.
[1] See OCGA § 40-13-21 (a).

merged the counts and sentenced Lockett only for the commercial vehicle violation.[2] The Superior Court of Monroe County affirmed[3] the conviction, and Lockett appeals, contending the trial court erred in denying his motion to quash the citation and in denying his motion to suppress blood alcohol test results. We affirm.

1. Lockett contends the trial court erred in denying his motion to quash the citation because the citation did not specify the charged offense.[4] Specifically, Lockett contends the citation, which charged him with violating "OCGA § 40-6-391 (a) (1) (i)," did not specify the charged offense because no such Code section exists. Because "the evidence is uncontroverted and there is no question concerning the credibility of witnesses, we conduct a de novo review of the trial court's application of the law to the undisputed facts." (Citation omitted.) *State v. Allen*, 256 Ga. App. 798, 799 (570 SE2d 34) (2002).

The record shows the officers intended to charge Lockett with two separate DUI violations: DUI, less safe, OCGA § 40-6-391 (a) (1), *and* driving a commercial motor vehicle with an illegal blood alcohol level, OCGA § 40-6-391 (i). But, just as a single count of an indictment or accusation may not allege two or more separate and distinct offenses,[5] the form for the uniform traffic citation, Department of Public Safety Form,[6] prescribes the use of a *separate* Form DPS-32 for each offense charged. *State v. Rustin*, 208 Ga. App. 431, 434 (2) (430 SE2d 765) (1993). Indeed, the form used in this case is clearly marked, "ONE VIOLATION PER CITATION."

Because the citation charged two offenses in a single citation, the trial court erred in denying Lockett's special demurrer. But "[i]n order to have reversible error, there must be harm as well as error." (Citation omitted.) *Prather v. State*, 275 Ga. 268, 271 (3) (564 SE2d 447) (2002).

> The true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be

---

[2] OCGA § 40-6-391 (i) provides: "A person shall not drive or be in actual physical control of any moving commercial motor vehicle while there is 0.04 percent or more by weight of alcohol in such person's blood, breath, or urine."

[3] See OCGA §§ 40-13-28; 15-6-8 (3), (4).

[4] A motion to quash an indictment or accusation for charging more than one offense in a single count is properly styled a special demurrer. *Hall v. State*, 241 Ga. App. 454, 459 (1) (525 SE2d 759) (1999); *Morgan v. State*, 212 Ga. App. 394 (1) (442 SE2d 257) (1994).

[5] *State v. Williams*, 247 Ga. 200, 202-203 (2) (275 SE2d 62) (1981).

[6] See OCGA § 40-13-1 (directing commissioner of public safety to develop uniform traffic citation form and board of public safety to establish procedures governing use of citations); Rules of Department of Public Safety, r. 570-19-.01 (designating Form DPS-32 for uniform traffic citations).

charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused.

(Citations and punctuation omitted.) *Miller v. State*, 182 Ga. App. 700, 701 (356 SE2d 900) (1987). The record shows that Lockett understood that he was charged with OCGA § 40-6-391 (a) (1) *and* OCGA § 40-6-391 (i) and that he was prepared to defend against those charges. Because Lockett was not harmed by the error on the citation, this enumeration is without merit. *Hankins v. City of Alpharetta*, 217 Ga. App. 635, 636 (458 SE2d 858) (1995); *Broski v. State*, 196 Ga. App. 116, 118 (1) (395 SE2d 317) (1990).

2. Lockett contends the trial court erred in denying his motion to suppress the results of the blood alcohol breath test because the officer administered the test using an Intoxilyzer 5000, which renders results in "alcohol concentration," but OCGA § 40-6-391 (i) defines the offense as driving a "commercial motor vehicle while there is 0.04 percent or more by weight of alcohol" in the driver's blood, breath, or urine. On cross-examination, Lockett elicited testimony from an expert witness, who had inspected the breath alcohol meter used to test Lockett's alcohol level, to the effect that breath alcohol meters were formerly programmed to read "percent of alcohol by weight" but had since been programmed to give results in "alcohol concentration." "As this [enumeration] involves the interpretation of a statute as a matter of law, our review is de novo." (Citation and punctuation omitted.) *Barraco v. State*, 252 Ga. App. 25 (555 SE2d 244) (2001).

Like the superior court, we conclude that our state legislature used the terms "alcohol concentration" expressed in grams and "percent . . . by weight of alcohol" interchangeably. Alcohol concentration expressed in grams and percentage of alcohol by weight are simply two phrases which indicate blood alcohol level is measured using the weight of pure alcohol in a certain volume of blood. We find that the Georgia legislature has used the terms interchangeably. Cf. OCGA §§ 40-6-391 (i); 40-6-392 (b) (2). When the terms are considered in their statutory context, it is clear the legislature "was concerned with providing accurate evidence as to the amount of alcohol or drug in a person's blood at the alleged time," regardless of whether the chemical test is performed on the driver's blood, breath, or urine. *Fisher v. State*, 177 Ga. App. 465, 466 (2) (339 SE2d 744) (1986). Lockett's argument lacks merit.

3. Lockett contends the trial court erred in denying his motion to suppress the results of the blood alcohol breath test because the officer did not read the proper implied consent notice. Lockett concedes that the officer read the proper implied consent notice for persons stopped while driving a commercial vehicle but failed to read the implied consent notice for drivers arrested for DUI, less safe. See OCGA § 40-5-67.1 (b) (2), (3).

In ruling on Lockett's motion to suppress[7] the results of the blood alcohol test, the probate court implicitly ruled as a matter of law that the officer read the proper implied consent notice under the circumstances. We again conduct a de novo review of the trial court's application of the law to the undisputed facts. *State v. Allen*, 256 Ga. App. at 799.

In this case, the probate court sentenced Lockett only for the commercial vehicle violation, OCGA § 40-6-391 (i). At the time of his arrest, Lockett received the corresponding implied consent notice. *Roberson v. State*, 228 Ga. App. 416, 417 (1) (491 SE2d 864) (1997). Error, if any, was harmless.

4. Lockett's conviction of violating OCGA § 40-6-391 (i) is affirmed. Inasmuch as the judgment contains a clerical error and suggests Lockett was convicted of violating OCGA § 40-6-391 (a) (1) (i), a nonexistent Code section, we remand the case solely for the correction of the error in the judgment.

*Judgment affirmed and case remanded with direction. Smith, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 17, 2002 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Ronald J. Ellington,* for appellant.

*Richard G. Milam, District Attorney, Jason S. Johnston, Assistant District Attorney,* for appellee.

---

[7] We note that "most challenges to the admissibility of evidence based upon the procedures used in reading a defendant the statutory implied consent notice should be raised in a motion in limine." (Citations omitted.) *State v. Allen*, 256 Ga. App. at 798, n. 1.