## A06A1630. PETERS v. THE STATE.
(636 SE2d 97)

ANDREWS, Presiding Judge.

A jury found George Peters guilty of driving under the influence (per se) in violation of OCGA § 40-6-391 (a) (5) and possession of an open container of alcoholic beverage while operating a vehicle in violation of OCGA § 40-6-253 (b) (1) (B). Peters appeals, contending that insufficient evidence supports his DUI conviction and that the trial court should have granted his motion to suppress the results of his blood alcohol test because there was no probable cause for his arrest and the arresting officer did not reasonably accommodate his request for an independent test. Because the State submitted insufficient evidence to meet its burden of proof, we must reverse Peters' DUI conviction. As Peters makes no argument with regard to the validity of his conviction for possessing an open container, we affirm it.

1. Peters argues that the evidence was insufficient to support his DUI conviction because the State failed to prove that his blood alcohol level exceeded the legal limit within three hours of the time that he was in actual physical control of a vehicle. See OCGA § 40-6-391 (a) (5). On appeal, we must view the evidence "in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995).

Viewed in this light, the record shows that the arresting officer testified that he was dispatched around 7:00 p.m. to a Pizza Hut parking lot "in reference to a possible impaired driver." The officer testified at trial that when he approached Peters in the Pizza Hut parking lot, Peters was sitting behind the driver's wheel of a white Cadillac. The driver's side window of the Cadillac was rolled down, the keys were in the ignition, and the radio was playing. After noticing that Peters' eyes were bloodshot and watery, as well as a strong odor of an alcoholic beverage coming from Peters' breath, the officer asked Peters how much he had to drink that evening. Peters did not answer the officer's question. Instead, he claimed that his mother had been driving, not him. An elderly woman was sitting in the front passenger seat of the Cadillac, but she never spoke with the officer or made any claim that she had been driving instead of Peters.

The officer asked Peters to step out of the car to perform field sobriety tests and Peters complied. The horizontal gaze nystagmus test revealed three clues indicating that Peters was under the influence of alcohol. Peters refused to perform the walk and turn and one-leg stand field sobriety tests, claiming that a herniated disc

prevented him from performing them. An alco-sensor breath test also revealed the presence of alcohol. Based on this information, the officer arrested Peters for driving under the influence, read the implied consent warning to him, and obtained his consent for a blood test.

Following Peters' arrest, the officer searched Peters' car and interviewed Tony Thompson, the Wendy's employee who called 911. Thompson testified that, on the day of Peters' arrest, he reported to work at Wendy's at 5:00 p.m. At some point during his shift, another employee asked him to come to the drive-though window and Thompson noticed Peters behind the wheel of a light-colored car that was stopped outside the drive-through window with its engine running. A gray-haired woman was sitting in the passenger seat and Thompson smelled a strong odor of alcohol coming from the car. Thompson became concerned that the driver might hurt someone while driving in that condition and left the area to call 911. After calling 911, Thompson returned to his duties. A short time later, he saw the car in the Pizza Hut parking lot, and shortly after that time, the police arrived.

The officer testified that after interviewing Thompson, he transported Peters to Walton County Medical Center, where a hospital employee drew Peters' blood. A toxicologist testified that this test showed that Peters' blood alcohol level exceeded the legal limit.

We find this evidence insufficient to show that Peters' blood alcohol level exceeded the legal limit within three hours of when he last had control of a moving vehicle. See OCGA § 40-6-391 (a) (5); *Abelson v. State*, 269 Ga. App. 596, 598 (1) (604 SE2d 647) (2004). The State submitted no evidence about the time the blood was drawn at the hospital, and there is no circumstantial evidence from which the time of the blood draw can be inferred. There was no evidence showing when the officer arrived at the Pizza Hut after receiving the dispatch, how long he remained at the scene conducting his investigation, the amount of time it took to drive from the scene to Walton County Medical Center, and how long he was required to wait before the lab technician drew Peters' blood. Although OCGA § 40-6-391 (a) (5) does not require that the alcohol concentration test be administered within three hours after the driver ceased driving or exercising actual physical control over the vehicle, there must be evidence that the driver's alcohol concentration level exceeded the legal limit during that three-hour period. *State v. Allen*, 256 Ga. App. 798, 799 (570 SE2d 34) (2002). Even if the test was administered after the relevant three-hour period had expired, it may have been possible for the State to produce expert testimony to establish that Peters' alcohol concentration level exceeded the legal limit during the three-hour period. Id. But in the present case, the State produced no such expert

testimony. Compare *Moore v. State*, 258 Ga. App. 293, 297 (5) (574 SE2d 372) (2002). As a result, we must reverse Peters' DUI conviction. *Abelson*, supra.

2. Our holding in Division 1 renders Peters' remaining enumerations of error moot.

*Judgment affirmed in part and reversed in part. Barnes and Bernes, JJ., concur.*

DECIDED AUGUST 30, 2006.

*James S. Grimes*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Robert A. Rogers, Assistant District Attorney*, for appellee.