A07A2446. HAZLEY v. THE STATE.
(657 SE2d 628)

MILLER, Judge.

We granted Cornelius Hazley's application for interlocutory review of the order denying his motion to suppress evidence that he was driving under the influence to the extent that he was less safe to drive and DUI per se. In this regard, OCGA § 40-6-391 (a) (1) and (5) provide:

A person shall not drive or be in actual [possession] of any moving vehicle while: (1) Under the influence of alcohol to the extent that it is less safe for the person to drive; [or] (5) The person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving. . . .

After a thorough review of this matter and discerning no error, we affirm.

When, on a motion to suppress, the evidence is uncontroverted and no question of credibility is presented, as here, the trial court's application of the law to such evidence is subject to de novo review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The undisputed facts are as follows: On January 9, 2005, at approximately 12:43 a.m., Officer Steven Cox of the Laurens County Sheriff's Department stopped Hazley's vehicle because the tail lights on the trailer Hazley was towing were inoperable. Officer Cox smelled the strong odor of alcohol on Hazley's breath and asked if he had been drinking. Hazley responded that he "had drank a couple, like a six pack, earlier that day, like at 5:00 [p.m.] or something[ ]" and refused to submit to field sobriety testing. Officer Cox then read Hazley the Georgia Implied Consent Warning and placed him under arrest for DUI. Later, Hazley submitted to a blood-alcohol test which indicated a blood-alcohol level in excess of 0.08 grams.

Hazley contends that the denial of his motion to suppress was error for lack of sufficient evidence to establish probable cause to arrest him for DUI. He correctly argues that the presence or odor of alcohol on a driver's breath does not, in and of itself, support an inference of impaired driving. *Slayton v. State*, 281 Ga. App. 650, 652 (1) (637 SE2d 67) (2006).

A conviction for DUI less safe under OCGA § 40-6-391 (a) (1) does not require proof of the commission of an unsafe act while driving. However, there must be evidence sufficient

to authorize a finding, beyond a reasonable doubt, that the defendant was operating or in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for him to drive. Circumstantial evidence may be sufficient to meet this burden of proof.

(Punctuation and footnote omitted.) *Hoffman v. State*, 275 Ga. App. 356, 358 (1) (620 SE2d 598) (2005). In this regard, "[a] defendant's refusal to submit to field sobriety tests is admissible as circumstantial evidence of intoxication and together with other evidence [will]

support an inference that he was an impaired driver." (Footnote omitted.) *Massa v. State*, 287 Ga. App. 494, 495 (1) (651 SE2d 806) (2007).

It is uncontroverted in the record that Hazley's arrest was occasioned by more than his refusal to submit to field sobriety testing. Officer Cox smelled the odor of alcohol on his breath, and Hazley admitted that he had been drinking. In light of the presence of the foregoing factors showing impairment, there was probable cause to arrest for DUI less safe. Hazley's arrest for DUI less safe thus was lawful, and no basis for excluding the result of the blood-alcohol test to which he gave his consent arises as the fruit of the poisonous tree. See *Wong Sun v. United States*, 371 U. S. 471, 487-488 (III) (83 SC 407, 9 LE2d 441) (1963) (barring the admission of evidence obtained by the exploitation, an illegal search). Hazley does not otherwise challenge the validity of his consent to such blood-alcohol test or the result thereof as establishing DUI per se, i.e., that his blood-alcohol concentration exceeded the legal limit (0.08 grams) within three hours of the last time he had physical control of his vehicle. See OCGA § 40-6-391 (a) (5); compare *Peters v. State*, 281 Ga. App. 385, 386-387 (1) (636 SE2d 97) (2006) (DUI per se conviction reversed where there was insufficient evidence that the defendant had an unlawful alcohol concentration level); *Abelson v. State*, 269 Ga. App. 596, 598 (1) (604 SE2d 647) (2004) (conviction for DUI per se reversed where State failed to prove an unlawful alcohol concentration within three hours of driving).

Given the foregoing, the trial court's denial of Hazley's motion to suppress was not error. *Vansant*, supra, 264 Ga. at 320 (1).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 8, 2008.

*Mitchell & Warnock, Charles M. Warnock, Jr.*, for appellant.
*Louie C. Fraser, District Attorney, Chad A. Pritchett, Assistant District Attorney*, for appellee.